No. 44.—JUBILEE SMITH, plaintiff in error, *vs.* JAMES R. Cox, defendant in error.

[1.] The sayings of the defendant in the *fi. fa.* on which a claim case is founded, if against his interest when made, and made before the commencement of the suit which resulted in the *fi. fa.* are admissible as evidence for the claimant.

Claim, in Marion Superior Court. Decided by Judge WORRILL, March Term, 1856.

Three *fi. fas.* in favor of James R. Cox against Palestine Smith, issuing from judgments obtained at the May Term, 1852, of the Justice's Court of the 807th district, G. M. of Marion County, were levied on a house and lot, and the property claimed by Jubilee Smith.

At the trial in the Court below, the claimant relied on a deed from the defendant in execution to him to the premises in dispute, bearing date the 9th day of March, 1852—the consideration expressed in said deed being eleven hundred dollars. This deed was attacked on the ground of fraud, and several witnesses who were present when the contract of purchase was made, were examined; all of whom testified, that they saw no money paid—one or two of them stating that they saw some papers cancelled by the parties, but did not know what kind of papers they were. One of the witnesses also stated, that he knew defendant in *fi. fas.* owed claimant $50 prior to the 9th of March, 1852.

Claimant then proposed to prove by Thaddeus Oliver, "that before the commencement of the suits on which plain-tiff's judgments were rendered, to-wit: in the fall of 1851, defendant in *fi. fas.* said to the witness, that he (defendant) was owing claimant a large sum of money, and wanted to sell the house and lot in dispute to raise money to pay claim-ant, and offered to sell said house and lot to witness at the time he made this statement." This testimony was objected to by Counsel for plaintiff in *fi. fas.* and ruled out by the Court. The witness went on to state, among other things, that defendant in *fi. fas.* was insolvent in March, 1852, and was in failing circumstances prior thereto.

The Jury found the property subject, and claimant ex-cepted; and assigns as error, the refusal of the Court to ad-mit the testimony of Oliver, in reference to the statements of the defendant in 1851.

SMITH & POU, for plaintiff in error.

BLANDFORD & CRAWFORD; MILLER & HALL, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

We think that the Court erred, in not permitting the plain-tiff to prove by the witness, Oliver, the sayings of the defend-ant in the *fi. fa.* These were uttered by the defendant at a time when it was against *his interest to* utter them. They were uttered before the suit of the plaintiff in the *fi. fa.* had been commenced. And it is a general principle, that say-ings which, when made, are adverse to the interest of the ut-terer, are evidence against him, and all who stand in privity with him by a title arising subsequently to the sayings.

In the case of *Williams vs. Kelsey & Halsted,* the decla-rations of the defendant in the claim *fi. fa.* were not made until after the judgment had been rendered against him; and conse-

quently, not until after the property, if his, had become·
*bound* by the judgment.

. Besides, that was a case in which the claimant claimed by·
title derived from the defendant. If the defendant was
bound to uphold that title, his interest was balanced. (6 *Ga.
R.*)

At all events, that case is not precisely like this; and we·
think that case one not to be extended in the least.

The question involved in this case, we have already deci-
ded in another case, returned to this term—the case of *Ross·
& Leitch vs. Horn,* claimant—to which I refer.