PETER SOLOMON, plaintiff in error, vs. WILLIS S. BREAZEAL, et al., defendants in error.

Levied this *fi. fa.* on "the undivided interest of Mary Moore and Henry E. Moore, in the following negroes," &c., "the interest being such as is conveyed

Solomon vs. Breazeal et al.

to them by deed on record in the Bibb Superior Clerk's office, by George W. Moore, 19th August, 1843, and recorded 8th September, 1843."

*Held*, That the levy in this case was sufficiently definite and certain.

Claim, in Bibb Superior Court. Decision by Judge LAMAR, at November Term, 1858.

Under a *fi. fa.* issued at the suit of Peter Solomon against Willis S. Breazeal, Henry E. Moore and Mary Moore, the Sheriff of Bibb county made a levy upon certain negroes, which levy was entered on said *fi. fa.* in the following words:

"Levied this *fi. fa.* on the undivided interest of Mary Moore and Henry E. Moore, in the following negroes: Adam, 45 years old; Charles, 18 years old; Elvira, 38 years of age; Richard, 9 years old; Ellen, 8 years of age; Eugene, 1 year old; Eveline, 29 years old; Eveline, 9 years old; Linda, 7 years of age; John and Eliza, twins, 10 months old: their interest being such as is conveyed to them by deed on record in Bibb Superior Clerk's office, from George W. Moore, 19th August, in the year 1843, and recorded 8th September, 1843. Levy made 16th January, 1857.

(Signed)          R. B. BARFIELD, *D. Sh'ff.*"

Willis S. Breazeal, as trustee of Mary Moore and her children, interposed a claim to said negroes, and the issue being made up as provided by statute, was submitted to a jury.

The plaintiff in execution offered and read in evidence, the *fi. fa.* dated 5th January, 1855, for $2,000 00 principal, and $261 31 interest, besides cost.

Counsel for claimant objected to the introduction in evidence, of the levy entered on said *fi. fa.,* upon the ground that said levy was not sufficient in law, and moved to dismiss the same.

For the purpose of showing and defining the interest levied on, plaintiff offered the original deed from George W. Moore, conveying said negroes, in connection with the execution and levy. Claimant objected to the introduction of this deed, upon the ground that the levy could not be aided

Solomon vs. Breazcal et al.

thereby, and could not be amended. The Court sustained the objection, and excluded the deed.

Plaintiff then moved to amend the levy by specifying and inserting the words "two-fifths as the undivided interest" so levied on, Barfield, the Deputy Sheriff, being then in Court and ready to make the amendment. The claimant objected. The Court sustained the objection, upon the ground that the Deputy Sheriff's term of office having expired, he could not amend the levy.

Upon motion then by claimant's counsel, the Court dismissed the levy.

To all of which rulings and decisions, plaintiff in *fi. fa.* excepted.

SPEER & HUNTER; NISBETS, for plaintiff in error.

JOHN RUTHERFORD; C. B. COLE, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

The only question in this case is, as to the definiteness of the levy. It is of the interest of the defendant in certain slaves, and refers to a deed of record showing what that interest is.

No case decided by this Court controls this. Here, the instrument of writing referred to, shows the interest of the defendants in the property, and that is what is levied on. And if there be doubt or uncertainty resulting from the construction of the deed, or from outside facts—such as the number of children, &c,—that the purchaser must ascertain for himself. It is neither the duty of the creditor or the Sheriff to do this. And it would be dangerous so to hold.

Judgment reversed.

McDONALD J. absent.