E. W. ENGRAHAM, plaintiff in error, *vs*. REDDING H. PATE, defendant in error.

When, on the trial of a claim to property levied on under an execution, the issue was whether the sale of the land levied on, by the defendant to the claimant, was fraudulent, and the plaintiff in execution offered to prove that about the time of the sale in question, the defendant had sold to the claimant, who was his son-in-law, all his other real estate :
*Held*, that this was competent evidence to go to the jury on the question of fraud, and it was error in the court to reject it.

Claim. Evidence. Fraud. Before Judge HILL. Houston Superior Court. May Adjourned Term, 1873.

At the December term, 1872, of Houston superior court, E. W. Engraham recovered a judgment against one John Laidler for $389 56, principal, besides interest and costs. The execution based on this judgment was, on January 18th, 1873, levied upon certain lands as the property of the defendant. A claim thereto was filed by Redding H. Pate. Upon the issue thus formed, the evidence made the following case:

The land levied on was conveyed by the plaintiff to the defendant, and the debt sought to be recovered is a portion of the purchase money thereof. Defendant sold and conveyed the land to claimant on July 25th, 1865, for $1,000 00; deed recorded on February 25th, 1873. Claimant was the son-in-law of the defendant. At the time of the sale aforesaid the latter was insolvent. The purchase money was to be paid as the defendant might require the same for the payment of his debts. Defendant and claimant both testified that all of said purchase money had been since paid. Defendant was in possession at the date of the levy.

During the trial, the plaintiff proposed to prove by claimant and defendant that about the same time the land in contro-versy was conveyed to claimant, but in a different transaction, defendant also conveyed to claimant a valuable store-house and hotel in the town of Hawkinsville, and that this property, together with the land in dispute, comprised all the property owned by defendant at that time.

Upon objection taken, the evidence was excluded by the court, and plaintiff excepted.

The jury found for the claimant. The plaintiff moved for a new trial because of error in the aforesaid exclusion of testimony. The motion was overruled, and plaintiff excepted.

DUNCAN & MILLER, for plaintiff in error.

WARREN & GRICE, for defendant.

McCAY, Judge.

We think the court should not have rejected this evidence. The issue on trial was one of fraud, and in such cases the field of circumstances ought to be very wide. It is but rarely that any direct proof can be had. The intent of the parties can in general only be got at by circumstances; sometimes any one of them may be very slight, taken by itself, but taken with others, may be a link in a chain, which, altogether, is very strong. Here is a man proven to be largely in debt. He claims to have sold fifteen hundred acres of land to his son-in-law, who, it is apparent, was not very abundantly able to buy and pay for it. The fact, if it be so, that about the same time he sold to the same son-in-law property in a different locality, in fact, all his real estate, is surely some evidence going to cast suspicion upon the transaction at present under investigation. It is a circumstance which, from its very nature, will affect the mind in coming to a conclusion upon the matter in issue. As a matter of course, it is but one fact, and did it stand alone it would not amount to much. But the evidence in this case leaves the transaction open to strong suspicion, and the verdict is by no means *demanded* by the evidence. Perhaps, had this additional fact gone to the jury the verdict would have been different. The rule we have laid down is, that if there be an improper exclusion of evidence, or any error calculated to *affect the verdict*, and the evidence actually and legally in be only sufficient to sustain and not to require the verdict, ordinarily there ought to be a new

trial. We think this is such a case. The evidence ought to have been admitted; it might have affected the verdict, and the finding is only barely supported by the evidence.

Judgment reversed.