JAMES D. THOMPSON, plaintiff error, *vs.* EDWARD B. CHAPMAN, defendant in error.

1. In an affidavit made to obtain a warrant to dispossess a tenant, it is sufficient to describe the premises as "a house and lot at East Point, in said county and state, being the place where J. D. Thompson (the tenant) now resides."

2. That the premises are not described in equivalent language in a deed offered in evidence by the landlord, will not render the deed inadmissible, where there is evidence *aliunde* going to show that its descriptive terms embrace the same property.

3. It is not necessary, on an issue of tenancy or no tenancy, to prove title from the state.

4. If a tenant, upon being informed that a purchase from his landlord is contemplated, and that it is dependent upon his agreeing to yield possession at the end of his term, consents to do so, and the person about to purchase acts upon that consent, making the purchase, and thereupon the tenant repeats the promise, both to the vendor and vendee, it is an attornment, and is equivalent, in law, to an express contract to hold under the vendee for the residue of the term.

5. The residue in this case being one month, it was competent for the vendee,

after the month expired and after the tenant had refused to surrender possession, to treat him as his lessee for a month, and obtain a warrant for his removal accordingly.

Landlord and tenant. Deeds. Evidence. Attornment. Before Judge HOPKINS. Fulton Superior Court. October Term, 1875.

Chapman sued out a warrant to dispossess Thompson, as tenant holding over of certain property. Plaintiff's affidavit described it as "a house and lot at East Point, in said county and state, it being the place where J. D. Thompson now resides;" it alleged that defendant had leased the premises from plaintiff for the space of one month, the time expiring December 31st, 1871; and that since that date plaintiff had demanded possession, which defendant refused to deliver.

Defendant filed a counter-affidavit, in which he denied that he held the premises in dispute under plaintiff, either by lease, at will, or by sufferance.

On the trial of the issue thus formed, the evidence for plaintiff made, in brief, the following case:

In October, 1870, J. R. Chapman, who was then in possession of the property, rented it to defendant for $25 00 per month. Chapman, who was a merchant, also sold out his stock of goods to defendant. The purchase money was never paid, and afterwards he bought back a half-interest in the business. No money was paid therefor on account of defendant's larger indebtedness to him. In November, 1870, a contract was entered into between these parties, by which defendant was to purchase the lot in dispute and pay $2,500 00 therefor, early in 1871. In the summer of 1871, defendant stated that he could not pay for the place, and proposed that Chapman take it back, and this was accordingly done. Defendant never paid any of the purchase money for such property. There was no agreement to credit the half interest in the store on the debt for the land. In 1871 the copartnership was dissolved, and on a final settlement defendant was found to be indebted to Chapman $48 00, which has not yet been

paid. During the of fall 1871, plaintiff proposed to buy the place from his brother, the said J. R. Chapman. They went together to see defendant, and plaintiff stated that he wished to buy the property, and asked defendant if he would deliver possession; the latter replied that he would, and for plaintiff to "go ahead and buy it; he would not be in the way;" he further stated that he had no claim upon the property, as the trade between him and Chapman had been rescinded. Plaintiff thereupon purchased the place and took a deed therefor from the said Chapman. Afterwards, on December 1st, 1871, he informed defendant that he had made the purchase, and that he was willing to allow him (defendant) to retain possession until January 1st, 1872, the end of his term, provided he would give it up at that time. To this defendant agreed. On December 25th he stated to plaintiff that he had been disappointed in getting another place for which he had been negotiating and could not give up possession, and he still refuses to do so.

Plaintiff introduced the deed from J. R. Chapman and closed. Defendant made a motion for a non-suit, which was overruled.

Defendant's testimony only differed from the above statement in the following particulars: 1st. "That he had paid $200 00 on the purchase money of the place, besides erecting $400 00 worth of improvements thereon, and that the half interest in the business, resold to Chapman, was also to be credited on the amount of such purchase money. 2d. When the proposal was made for Chapman to take back the property, defendant stated that he had paid the aforesaid amounts, and that their business had been unprofitable, but that he would agree to take the store and assume the liabilities of the firm, and that Chapman should take the house and lot, provided the latter would allow him to occupy the premises the next year and until he could get another place. And that the settlement was made with this understanding. 3d. That, when asked by plaintiff if he would give up possession of the property on January 1st, 1872, he replied that he would, pro-

vided he could get another place for which he,was negotiating, and failing to do so, he held under the contract with J. R. Chapman.    4th. That he never rented from plaintiff, or had any other conversation with him about the property.

The jury found for plaintiff the premises in dispute, and $540 00 for rent.   Defendant moved for a new trial on the following, among other grounds :    1st. Because the court erred in overruling a motion made by the defendant to dismiss the warrant for insufficient description of the premises. 2d. Because the court erred in admitting in evidence the deed from J. R. Chapman to the plaintiff, it being objected to on the ground that it did not show, from its terms, that it conveyed the premises in dispute, and because there was no evidence that the title ever was in said Chapman.    3d. Because the court erred in overruling the motion for a non-suit, since it was not shown that defendant was the tenant of plaintiff. The motion for a new trial was overruled, and defendant excepted.

T. P. WESTMORELAND; J. T. PENDLETON, for plaintiff in error.

JAMES BANKS, J. T. GLENN, for defendant.

BLECKLEY, Judge.

All the points discussed by counsel are disposed of in the head-notes.   The rulings of the court would seem to need nothing by way of explication or comment.   The case in 19 *Georgia Reports*, 534, besides being rather extreme on the measure and exactitude of proof, is distinguishable from this in the fact that the terms of a specific agreement are here proved. The tenant was to hold till a given time and then go out. The new landlord was accepted expressly.   After that if he was not the lord, there was no lord at all.

Judgment affirmed.