Williams & Co. *vs.* Hart.

## WILLIAMS & COMPANY *vs.* HART.

1. On objection before sale, a levy would be held insufficient if made in the following terms : " I have this day levied the within *fi. fa.* on nine hundred acres of land as the property of James B. Hart, one of the defendants, said property being situated in, and in the vicinity of, Union Point, Greene county, Georgia,"—(Union Poin being an unincorporated village). But after sale has been made, and the rights of a purchaser have intervened, it should be left to the jury, under all the facts of the case, to say whether the levy was sufficient, and the *fi. fa.*, with this entry upon it, should be allowed to go before them.

2. It is the duty of the sheriff to state in his entry of levy who is in possession of the property, and therefore his entry is evidence on that point ; but it is not a part of his duty to state who died in possession, and if he volunteers to make such statement, it is not evidence of the fact. Such an entry would not relieve the plaintiff in *fi. fa.* of the *onus probandi*.

3. The mere understanding of witnesses as to what was levied on and sold, without any statement of facts on which such understanding was based, was inadmissible.

4. So long as a debtor remains in possession of property which once belonged to him, and which his creditor is seeking to condemn as

fraudulently conveyed, his declarations, though made after he has parted with the formal paper title, may be given in evidence for the creditor against the claimant. It makes no difference that the claimant bought at a sheriff's sale, and not at private sale from the debtor.

5. Where counsel, in argument, goes outside of the testimony, it is the duty of the court, on objection made by opposing counsel, to settle the fact as to what was sworn to by the witness. A statement by the court that a witness said a certain thing, is not, in a legal sense, an expression of opinion as to the evidence. What is sworn is testimony ; what is truth deduced therefrom is evidence.

6. This case has not been fully tried, so as to bring out and submit to the jury the whole truth on the issue of fraud, and therefore a new trial is ordered.

Sheriff. Levy and sale. Evidence. Debtor and creditor. Fraud. Claim. Title. Practice in the Superior Court. Before Judge LAWSON. Greene Superior Court. September Term, 1879.

To the report contained in the decision it is only necessary, in connection with the third, fourth and fifth divisions, to set out the following, which were among the grounds of the motion for new trial :

(1.) Because the court erred in admitting the following testimony of claimant, James F. Hart : " It (the sheriff's deed) was intended to cover the whole property. I understood that it was sold, and that the deed covered all the property." (Other witnesses also stated their understanding.)

(2.) Because the court erred in refusing to allow plaintiffs' counsel to prove by the witness, J. M. Mitchell, that defendant in *fi. fa.*, J. B. Hart, two or three days after the sale testified about, said to witness : " I have the property now where I want it. It is worth $25,000.00—more than double the amount of the mortgages. Jimmie (meaning claimant) is a clever fellow, and will do what is right about it ; he will divide out."

(3.) Because the court erred in refusing to allow plain-

tiffs' counsel to read in evidence to the jury the depositions of the witness, W. H. Snowden, the court ruling out the same upon the ground that the admissions of defendant in *fi. fa.* testified about by this witness were not evidence against the claimant.

(4.) Because, while counsel for plaintiffs were arguing before the jury the facts in the case, and representing to them that a witness (Sibley) swore that the mortgage on the property in dispute was paid off by claimant by a portion of the property and the proceeds of the sale of a part of the balance, counsel for claimant interrupted the speaker and claimed that he was misstating the evidence; whereupon the court erred in saying in the presence of the jury that the witness swore that James F. Hart paid a portion of the mortgage debt with the homestead property and the balance in cash.

M. W. LEWIS & SONS; C. HEARD; JAS. L. BROWN; W. W. LUMPKIN, for plaintiffs in error.

JNO. C. REED; JNO. C. HART, for defendant.

JACKSON, Justice.

An execution was levied upon a house and lot in the unincorporated village of Union Point, as the property of J. B. Hart & Son, defendants in execution; it was claimed by J. F. Hart, and on the trial, under the charge of the court, the jury returned a verdict for the claimant; the plaintiffs moved for a new trial, it was refused and they excepted.

The motion is predicated on many grounds, and the question is, should it have been granted on either?

1. The claimant bought land at a sheriff's sale, as the property of J. B. Hart, consisting of 900 acres more or less, giving $100.00 therefor, subject to certain mortgages thereon, and the question is whether this house and lot now levied on was covered by that sale, and title thereto

v 65—14

passed to the claimant.    It is insisted that under the levy
and advertisement then made, title to this house and lot
now levied on in this case did not pass, because neither
levy nor advertisement covered it in the description of
the land given in them.    The levy describes the land as
follows: " I have this day levied the within *fi. fa.* on nine
hundred acres of land, as the property of James B. Hart,
one of defendants, said property being situated and lying
in and in the vicinity of Union Point, Greene county,
Georgia.    September 30th, 1874.    J. P. Jones, deputy
sheriff."    The advertisement is as follows: " At the same
time and place, nine hundred acres of land, in the vicinity
of Union Point, in said county, levied on as the property
of James B. Hart, to satisfy a *fi. fa.* issued from Greene
superior court, in favor of E. W. Marshall & Co. *vs.*
James B. Hart.    J. P. Jones, deputy sheriff."

The sheriff's deed to J. F. Hart followed the advertise-
ment and not the levy, and an equitable plea was filed by
claimant to reform it, so as to make it conform to the levy,
and describe the nine hundred acres as " in," as well as
" in the vicinity of Union Point." · The following addi-
tional entry disposing of the property was on the *fi. fa.:*
" Sold the property levied on by the within *fi. fa.*, the
property of James B. Hart, to James F. Hart, for one
hundred dollars, this 2d day of March, 1875.    J. H. En-
glish, sheriff."

To the equitable plea a demurrer was filed (all excep-
tion being waived to making the sheriff a 'party at law to
the equitable proceeding) on the ground that this levy was
insufficient, and if reformed the deed would be insufficient
still, and it would therefore be of no avail to reform it.
To the execution and levy going to the jury and to the
deed being admitted at all as evidence, objection was also
made on the ground that the levy was insufficient to pass
title to anybody to this house and lot in this village of
Union Point.    The demurrer was overruled and the exe-
cution, levy and deed were all admitted as evidence, and

several grounds of the motion for the grant of a new trial are thus based on the one point, was the levy sufficient to pass title to this house and lot in this village, though unincorporated, by virtue of a sale under it? My brethren think, and it is so ruled, that it is a question for the jury under all the facts, a purchaser having bought it at public sale ; where the rights of a purchaser intervene, they uphold it, but before sale and purchase all agreed that the levy would be insufficient. My own judgment would be that it is too vague and indefinite a description to pass title to any purchaser to a house and lot in the village. The only description is "nine hundred acres of land in and in the vicinity of Union Point." It is not even said that it was *known* to be the property of James B. Hart. That such a description should authorize the sale of a dozen houses and lots, occupied by different families in a town, though unincorporated, as well as a plantation outside the town, a steam saw-mill, etc., etc., would be, it seems to me, to open the door wide to all manner of fraud, and no man ought to buy under such a levy, improved lots and houses in the town, and expect to hold them. The statute, Code, §3640, declares that the officer making a levy "shall *plainly describe the property levied on*, and the amount of interest of defendant therein ;" and section 3647 declares that in the "advertisement he shall give a full and complete description of the property to be sold, making known the name of the plaintiff and defendant, and the person who may be in the possession of such property." How anybody could imagine that he was buying improved property occupied by tenants in a town under an advertisement of land "in the vicinity" of the town passes my comprehension, and how a levy on "nine hundred acres of land in and in the vicinity of a town" *plainly describes* houses and lots in the town, it is equally difficult for me to see. My brethren agree that it is a circumstance going to show fraud, but that it is for the jury to say whether or not the houses and lots were so

levied on and advertised as to convey title to the pur-
chaser, while I hold that such a levy and advertisement
cannot pass title at all so far as the improved lots, laid off
and built upon and occupied in the town, are concerned.

Under the ruling of this court the demurrer to the
equitable plea was properly overruled, and the execution
and levy and deed were properly admitted as evidence,.
the weight thereof being for the jury to pass upon on
the question of fraud or no fraud between defendant in
*fi. fa.* and claimant.

2. The sheriff's levy on the house and lot in the claim
case now at bar, declared that James B. Hart died in pos-
session of the land, and error is assigned that the court for
that reason ruled erroneously in holding that the burden
of proof was on the plaintiff in execution.   The sheriff's.
entry is only evidence where he is empowered by law to
make it, and it is thus a lawful entry.   All parts of the
entry which it is his duty to make are testimony of them--
selves when it is proved that he made the entry; but no
part, which he volunteered to make outside of official
obligation to do so, is testimony.

Therefore, it being his duty to say who was in posses--
sion at the date of levy, and to advertise the fact, the
entry might prove that fact of itself ; but when he went on
to say that defendant died in possession some time before
the levy, that was no evidence of that assertion.

The plaintiff should have proven by the sheriff on the
stand as a witness that Hart died in possession after the
judgment, and then the *onus* would have been cast upon
the claimant.   There was other proof to that fact after-
wards, but the motion for a new trial on this point is not
based on that proof but on the entry and the legal effect
thereof.

3. In so far as the court admitted the understanding of
witnesses as to what was levied on and sold without their
stating facts on which such understanding was based, the
ruling was illegal.   *Phillips vs. Lindsay*, this term, not yet

reported. So not the intention, but the fact of the thing levied on is evidence thereof. See *Ford vs. Kennedy* (decided this term).

4. The testimony of Mitchell and Snowden was admissible, and the court erred in withholding it. It was in proof that James B. Hart was still in possession of the property levied on, and while in possession said to Mitchell: "I have the property now where I want it. It is worth twenty-five thousand dollars, more than double the amount of the mortgages. Jimmy (meaning claimant) is a clever fellow and will do what is right about it. He will divide out;" and to Snowden, on another occasion, he said that the mortgages were satisfied except three thousand dollars, or words to that effect. The claimant is the son of the defendant in *fi. fa.*, and he had announced that the mortgages were ten or twelve thousand or more on the day of the sale. In *Oates vs. Brown*, 59 *Ga..* 711, it was ruled that "so long as a debtor remains in possession of property which once belonged to him, and which his creditor is seeking to condemn as fraudulently conveyed, the *res gestæ* of the fraud, if any, may be considered as in progress, and his declarations, though made after he has parted with the formal paper title, may, by reason of the continuous possession which accompanied them, be given in evidence for the creditor against the claimant." The principle there announced covers this case; for it can make no difference whether the fraud be at private or public sale, by the debtor or the sheriff, if the parties concoct the fraud, and the sale is to the prejudice of the creditor and for the advantage of the claimant. See also *Denham vs. Kirkpatrick*, last term, not yet reported.

5. Where counsel, in arguing to the jury, goes outside of the testimony, it is the duty of the court, on objection made by opposing counsel, to settle the fact of what was said or sworn by the witness; and the statement by the court that the witness said a certain thing is proper, and is not, in a legal sense, the expression of an opinion as to

the evidence. What is sworn is testimony; what is truth. deduced therefrom is evidence. The judge must say, when there is dispute among counsel, what the witness. said on the stand, and he is only prohibited from expressing his opinion as to its truth or its weight.

6. In the view taken by this court of the case as a whole, it must turn on the question of fraud or no fraud. The relationship between the parties, the character of the levy, advertisement, deed, and all the surroundings of the sale, the statement about the mortgages and their amount, and all said by defendant while in possession of the property, are matters proper to be considered and passed upon by the jury; and inasmuch as we all think that the case has. not been fully tried so as to bring out and submit to the jury the whole truth on this issue of fraud, we reverse the judgment of the court below and award a new trial.

Judgment reversed.