## LAMKIN v. CLARY.

1. If in the trial of a claim case the levy fails to state who was in possession at the date of the levy, and a controversy arises as to the opening and conclusion, it becomes the duty of the court to inquire as to the fact of possession; and if upon the preliminary investigation it appears that the defendant in fi. fa. was in possession, the burden of proof is cast upon the claimant and he is entitled to the opening and conclusion of the argument.

2. The main question being as to the bona fides of a conveyance from husband to wife, as to whether he received certain property as hers or reduced it to possession as his own, it was error to exclude evidence to the effect that, prior to the creation of the debt upon which the judgment and execution levied upon the property were founded, he had made a verbal gift of the land in controversy to the wife.

3. Where a deed from husband to wife, purporting to be for value, was attacked as fraudulent, and the trial judge charged section 2697 of the Civil Code, in relation to a debtor preferring one creditor to another, it was error to add without qualification the following words: "provided it is done in good faith, and not for the purpose of hindering or defrauding creditors." The court should have further stated that, in order to render the conveyance void, the wife must have known of such purpose or have had reasonable grounds to suspect the existence of the same.

4. The court did not err in refusing the written requests to charge contained in the record.

5. Grounds of a motion for a new trial based upon the admission of evidence will not be considered by this court, unless the grounds show what are

the objections to such evidence, and that these objections were made when the evidence was offered.

Argued January 22, — Decided March 23, 1898.

Levy and claim.    Before Judge Callaway.    Columbia superior court.    March term, 1897.

Under an execution founded upon a judgment of March 23, 1896, in favor of Fannie L. Clary against J. T. Lamkin, for $472.06 principal, and $73.95 interest, a tract of land containing 200 acres, more or less, was levied on as the property of the defendant; and on December 8, 1896, a claim was interposed by Thurza Irene Lamkin, the defendant's wife, who claimed under a deed to her from the defendant, executed and recorded January 8, 1896, pending the suit in which the judgment was rendered, in which deed he conveyed to her this land and 30 acres additional, two mules, a horse and wagon, 200 bushels of corn, 1,000 pounds of fodder, and household and kitchen furniture.    The consideration expressed in the deed was $2,500, and it was further recited therein that it was for money received from her father's estate since December 13, 1866, and used by the grantor for his own purposes, and that he had always recognized his obligation to account to the grantee for the debt due her, which sum was $6,371.53.    The property was found subject.    Claimant's motion for a new trial was overruled, and she excepted.

At the trial the defendant in execution testified that his wife inherited from her father's estate certain property which came into his possession since December 13, 1866; that he used her money, to wit $2,500, for his own purposes, and had never paid her, but always recognized his obligation to do so; that the deed was made in payment of the debt; and that the property conveyed was not worth $2,500.    The deed covered all he had at that time, except about 900 acres worth $5 or $6 per acre, 850 acres of which he had conveyed to a loan company as security for a debt of $2,773, taking a bond for titles to himself, which he holds.    He did not think the property conveyed to his wife covered his debt to her, as he owed her interest on the amount used.    On cross-examination he testified that he

had given the property to his wife when he built "the house"; it was a verbal gift, but he thought a verbal contract would not stand, and he made the deed. He had not given her a note, nor security. He had received her property and did not want her to go unprotected, and he made the deed to her to protect her and keep creditors out of the property. He expected to continue his home there. When he made the deed it was not his intention to prevent his creditors from collecting their debts; it was to protect his wife, and not himself. He had mentioned to her several times the debt he owed her, and told her he was afraid he would never be able to pay her.— From the executors' returns in the ordinary's office it appeared that the defendant in execution had received, since 1866, "in right of his wife and as an heir" of her father's estate amounts aggregating $1,938.70, the last payment being made in December, 1886. He testified that, in addition to this, he received $500 and a flock of sheep valued at $50, as part of her property. One of his receipts to the executors stated that the sum of money for which it was given was received "in right of my wife as a part of her distributive share of said estate"; others, that sums for which they were given were received as part payment of "her distributive share" in said estate. On being shown one of the last mentioned receipts the witness stated: "Mr. Stovall [the executor] wrote the receipts and I signed them. I considered the property which I was receiving as my wife's. I did not consider I was borrowing money from my wife." At the time of the levy the defendant in execution was in possession of the land in dispute, living upon it with his wife. The plaintiff in execution testified that the debt, which was the foundation of the judgment under which the levy was made, was on a note for money loaned by her upon the faith of the property which defendant appeared to have, and his telling her that he did not owe much. When he gave her the note he said he was not in debt. He had at that time the "home place" and she thought he owned it. He had "the property deeded away here." She would not have lent him the money if he had not appeared as owner of the land.

The motion for new trial alleges, in addition to the general grounds, that the court erred:

1. In refusing to allow claimant's counsel to open and conclude the argument, when the levy did not show who was in possession of the land levied on, and when preliminary proof showed that defendant in fi. fa. was in possession at the date of the levy, thus casting the burden of proof on claimant; the court holding that claimant lost the conclusion by failing to admit possession in plaintiff in fi. fa., and to assume the burden of proof.

2. In refusing to allow defendant, in fi. fa. to testify that, previously to making to claimant the deed to the property levied on, he had made a verbal gift of the property to claimant.

3. In qualifying an instruction to the jury in the language of the Civil Code, § 2697, by the words: "provided it is done in good faith and not for the purpose of hindering or defrauding creditors." And in charging: ".If the evidence satisfies you that Mr. Lamkin made this deed merely for the purpose of defrauding, delaying, or hindering Mrs. Clary or any other creditors, and not for a valuable consideration, and that the value of the property conveyed was much larger than the indebtedness which it is claimed it was conveyed to pay, and you are satisfied it was not made in good faith to secure a debt due by him to his wife, you would be authorized to find the property subject, provided Mrs. Lamkin was a party to the transaction on his part, or knew of his fraudulent intentions." It is alleged that there was no evidence to warrant such charge.

4. In refusing to charge, as requested: (*a*) "If the conveyance was made pending suit, yet if bona fide and for value will not defeat the conveyance." (*b*) "A husband may, for a bona fide indebtedness due his wife, make a deed to her, and the deed to the wife will be superior to subsequent acquired liens of creditors." (*c*) "Where the marriage was prior to 1866, and a husband, after December 13, 1866, reduced his wife's property to possession as her property, and in consideration of having made use of it for his own purposes, he had the right to make a deed to the wife in payment of the debt, and a deed thus made would be superior to subsequently acquired liens

and judgments.  Therefore, applying this law to the evidence, if you believe J. T. Lamkin received money from his wife's father's estate after December 13, 1866, as her property, and used it for his own purposes, he had the right, in payment of the debt, to make a deed to his wife in payment of the money used as the wife's, and such a deed would be superior to the lien of the judgment of Mrs. Clary, provided the land deeded was not in value more than the money used."

· 5.  In allowing the plaintiff, over objection of the claimant, to introduce in evidence the note, the foundation of the plaintiff's suit and judgment; the error being that claimant had not attacked the note and judgment, and that the evidence was irrelevant and tended ·to prejudice the claimant's case.    In allowing the plaintiff to testify that J. T. Lamkin refused to pay her the note she held against him, when due and thereafter; the error being that this testimony was irrelevant and tended to prejudice the claimant's case. ˙ In allowing J. T. Lamkin on cross-examination, over the objection of claimant, to testify as to when he gave the plaintiff his note, the foundation of the plaintiff's judgment; the error being that it was irrelevant, did not illustrate the issue on trial, and tended to prejudice the claimant's case.    In allowing plaintiff, over objection of the claimant, to ask the same·witness the question, "At the time you gave Mrs. Clary the note you gave her no security at all?" and permitting witness to answer, "My mother was security"; the error being that the evidence was irrelevant, did not illustrate the issue on trial, and prejudiced the case of the claimant. In permitting plaintiff to testify, over objections of claimant, that defendant in execution had not offered to pay his half of the debt, and to conversations with her about her fears of losing the debt; the error being that the testimony was irrelevant and tended to prejudice the case of the claimant.

*H. C. Roney* and *W. K. Miller*, for plaintiff in error.
*T. E. Watson, T. R. R. Cobb* and *J. K. Hines*, contra.

Simmons, C. J.    1. It is the duty of the sheriff to state in his entry of levy who was in possession of the property at the time of the levy, and his entry is evidence upon that point.    *Wil-*

*liams & Co.* v. *Hart,* 65 *Ga.* 201.   In a claim case where the
entry of the sheriff upon the execution fails to state who was
in possession, and a controversy arises as to the opening and
conclusion of the argument, it becomes the duty of the court to
inquire first as to the fact of possession; and if upon this pre
liminary investigation it appear that the defendant in fi. fa.
was in possession at the time of the levy, the burden of proof
would be cast upon the claimant and he would be entitled to
the opening and conclusion.   *Bartlett* v. *Russell,* 41 *Ga.* 196;
*Primrose* v. *Browning,* 59 *Ga.* 69; *Williams* v. *Hart,* supra.   It
was therefore error for the trial judge, after making the prelim-
inary investigation and ascertaining that the defendant in fi.
fa. was in possession at the time of the levy, to refuse the open-
ing and conclusion to the claimant, although the latter had de-
clined to admit the possession of the defendant in fi. fa.

2. It appears from the record that Lamkin, the defendant in
fi. fa., married prior to the passage of the act of 1866, commonly
known as the "married woman's act."   After the passage of
that act, his wife was entitled to money and other property as
an inheritance from the estate of her father.   Lamkin, the hus-
band, received this money and property; and the question
which arose in the present case was, whether he had received
this property as his own by virtue of his marital rights, or
whether he had waived such rights and received it for his wife.
Under the law, as construed by this court, his marital rights
attached to the property and he could have received it as his
own.   The law, however, did not compel him so to receive it,
but authorized him to waive his rights and to allow it to go di-
rectly to his wife.   It was therefore important for the jury to de-
termine in which capacity he received this property.   Lamkin
claimed that he had waived his marital rights and had received
the property as his wife's, but had used it for his own benefit,
and that in order to repay her for it he made her a deed to the
land levied upon as his.   The plaintiff in fi. fa. contended that
Lamkin received as his own the money coming to his wife from
her father's estate, and that the deed made by him to his wife
was for the purpose of delaying, hindering, and defrauding
creditors, was without consideration, and was fraudulent and

void.　To sustain his theory, Lamkin offered to prove that, before the creation of the debt which was the foundation of the judgment and execution against him, he made to his wife, in settlement of this claim of hers upon him, a "verbal gift" of the land.　This was objected to by the plaintiff in fi. fa., and excluded by the court.　Claimant assigns this ruling as error.

Where a conveyance is attacked for fraud, any evidence tending to show fraud upon the part of the grantor is admissible, and we do not see why the contrary proposition is not true, i. e., that where the grantor and grantee claim that the transaction was bona fide and not made for the purpose of defrauding or delaying creditors, any evidence tending to show the bona fides of the transaction is likewise admissible.　The force and effect of such evidence would be for the jury to determine. Here, the claimant proposed to show that, prior to the time of the creation of the debt which is sought to be enforced against the land, he recognized the validity of his wife's claim, and bona fide made her a verbal gift of the land.　Of course, such a gift is not in law a transfer of the title from him to his wife, because the law requires the transfer of title to land to be in writing; but would not such a transaction tend to show that he had waived his marital rights to the property and recognized it as his wife's, and that he had sought to repay her by this gift of the land?　It seems to us that such testimony would have some probative force in the trial of such an issue.　If the jury should find from this and other testimony that this attempted conveyance of the land was a real and bona fide transaction between the husband and the wife, and that it was subsequently consummated by a written instrument, they would be authorized to find in favor of the claimant although the written title was made after the suit upon the note had been filed.　We think, therefore, that the court erred in excluding this evidence.

3. The claimant requested the court to charge section 2697 of the Civil Code, which provides that a debtor may prefer one creditor to another, and may bona fide give a lien by mortgage, or sell in payment of the debt.　The court gave this section in charge, but added thereto a portion of the second paragraph of section 2695, as a qualification or explanation of

section 2697, by saying: "provided it is done in good faith, and not for the purpose of hindering or defrauding creditors." We think that, having attempted an explanation of the section he was requested to charge, he should have further stated that in order to render the conveyance void, where it was made in payment of a valid debt, the wife must have known of such purpose or have had reasonable grounds to suspect the existence of the same. Under the charge as given, if the jury believed that Lamkin made the deed for the purpose of delaying and defrauding his creditors, they were compelled to find against the claimant, Mrs. Lamkin, although the deed may have been for a valuable consideration and she may have had no notice or reasonable ground to suspect that it was made for the purpose of delaying or defrauding her husband's creditors. There is no evidence in the record that she knew of such an intention, or that there were reasonable grounds to cause her to suspect that her husband was making the deed for such purpose. One may make a deed for the purpose of defrauding his creditors; and the grantee may be perfectly innocent and entirely without notice in accepting such deed in payment of a debt due him. In such case, the deed would be valid in the hands of the innocent grantee, if there was nothing which should have put him on notice of his grantor's fraudulent intent. So, if Lamkin intended to defraud his creditors and made the deed for that purpose, and Mrs. Lamkin took it as payment of a bona fide debt due her, without any notice or reasonable ground of suspicion of her husband's fraudulent intent, the deed would be valid in her hands. Of course, if there were no bona fide debt, or if she had notice of the intention of her husband or had reasonable grounds to suspect it, the deed would be void as to the creditors. *Hollis* v. *Sales*, 103 *Ga.* 75.

4. The claimant excepts to the refusal of the court to give in charge to the jury certain other requests to charge. These will be found in the official report. An examination of them will show that they are not sound. Two of them make the test of the validity of the conveyance the value of the consideration therefor, without any reference to the fact that although the consideration may be a valuable one the conveyance may be

void because made with intention to hinder or defraud creditors, the grantee knowing or having reason to suspect that such was the intention. The other recognizes the necessity that the conveyance should be bona fide and for a valuable consideration, but does not in any way refer to the question of notice or ground for reasonable suspicion. For these reasons the requests were not sound as matter of law, and the trial judge did not err in refusing to give them in charge to the jury.

5. Several grounds of the motion for a new trial complain of the admission of certain evidence offered by the plaintiff. With the exception of the ground above ruled upon, none of the exceptions to the admission of evidence can be considered by this court. Of the amended motion for a new trial, grounds 5, 7, 8 and 9 are defective in that they state that the evidence was objected to at the time when offered and give the reasons why such evidence is claimed to be inadmissible, but do not allege that these reasons were the ones urged at the time the evidence was offered; ground 6 does not state that there was any objection at all to the evidence at the time it was offered. It is scarcely necessary to repeat here the frequent rulings of this court, that it can not consider grounds of a motion for a new trial, based upon the admission of evidence, unless the grounds show what are the objections to such evidence and that these objections were made when the evidence was offered.

*Judgment reversed. All the Justices concurring.*