## HAYES *et al. v.* HILL.

It being a material question, in the trial of a claim case, whether the defendant in fi. fa. owed the debt which was the consideration of an alleged deed from him to the claimants, it was error for the court to refuse to admit in evidence a letter written by the defendant in fi. fa., acknowledging the debt, before the pendency of the litigation or the existence of the claim which the plaintiff was seeking to enforce.

Argued June 17, — Decided July 26, 1898.

Levy and claim. Before Judge Fite. Murray superior court. August term, 1897.

*R. J. & J. McCamy,* for plaintiffs in error.
*C. N. King* and *Shumate & Maddox,* contra.

SIMMONS, C. J. Hill obtained a judgment against Hayes. An execution issued thereon was levied upon a certain tract of land. Hayes, as next friend of his two minor children, claimed the land. The claimants contended that, prior to the creation of the debt by Hayes to Hill, the former owed his wife a considerable sum of money; that in payment of this he made to her and the claimants, the two children, a deed to the land levied upon. It appears that this deed was attested by but one witness at the time it was executed. The jury found the land subject. A motion for a new trial was overruled, and claimants excepted. The main question at issue on the trial seems to have been, whether the deed from Hayes to his wife and children was fraudulent. To establish his good faith in the matter, the claimants tendered in evidence a letter written by Hayes to his wife long prior to the creation of the debt upon which the judgment was founded. This letter acknowledged the writer's indebtedness to his wife, and spoke of her as having purchased some land, the material portion being as follows: "I am afraid I won't get you up $400, as you have bought the Jim Wilson place and I will have to get it up as I owe you. So you get up all you can and have the cotton ready for market. So I get you up $400 that will do you as I owe others." This letter was excluded by the court, and this ruling constitutes one of the errors complained of as ground for a new trial. We think the court erred in rejecting this evidence. The bona fides of the debt and

of its settlement by the conveyance was to be passed upon by the jury. The admissions made in this letter were circumstances from which the jury could easily have inferred that the husband was at that time indebted to the wife, and that in the settlement of this indebtedness he, in good faith, conveyed the land to her and the claimants. It is not probable that he would commence, long prior to the creation of the debt, to concoct schemes to defraud his future creditor or that he would falsely make such admissions against his interest as were contained in this letter. What weight the jury would have given this letter we are, of course, unable to say. I will say for myself, however, that had I been a member of the jury it would have had great weight with me in determining the question of the bona fides of the indebtedness and conveyance. This being the principal question in the case, we think, under the ruling in *Lamkin* v. *Clary,* 103 *Ga.* 631, the letter was admissible in evidence. We are inclined to think also that, under the ruling in *Smith* v. *Cox,* 20 *Ga.* 240, the letter was admissible as a saying or admission of the defendant in fi. fa., against his interest, before the commencement of litigation. For these reasons the judgment of the court below must be reversed.

It appears that the deed from Hayes to his wife and children was attested at the time of its execution by but one witness. As to this question, see *Howard* v. *Russell,* 104 *Ga.* 230.

*Judgment reversed. All the Justices concurring.*