## WILLIAMS *et al.* v. GILLY.

A judgment against a tenant holding over, based upon an affidavit describing the premises as "the following described real estate situate in said county, whereof John M. Gilly is owner, to wit, in the 7th dist. and fourth section of Polk county, Ga., it being parts of land lots Nos. 111 and 112 in said dist. and section, more fully described in deed from Mrs. S. L. Freeman to J. R. Pennington, being same land as described in said deed. Said J. T. Williams rented said real estate for the year 1905, ending Dec. 31st, 1905," is not void upon its face because of indefiniteness in the description of the land.

Argued July 9,—Decided November 20, 1909.

Motion to set aside judgment.    Before Judge Edwards.    Polk superior court.    October 26, 1908.

*Janes & Hutchens,* for plaintiffs in error.

*Blance & Tison* and *Bunn & Bunn,* contra.

EVANS, P. J.    B. J. Jones, as agent for John M. Gilly, made affidavit before a justice of the peace to evict J. T. Williams as a tenant holding over.    The premises were described in the affidavit as being "the following described real estate situate in said county, whereof John M. Gilly is owner, to wit, in the 17th dist. and fourth section of Polk county, Ga., it being parts of land lots Nos. 111 and 112 in said dist. and section, more fully described in deed from Mrs. S. L. Freeman to J. R. Pennington, being same land as described in said deed.    Said J. T. Williams rented said real estate for the year 1905, ending Dec. 31st, 1905, but he continues to hold possession thereof over and beyond the term for which the same was

rented to him. The said J. T. Williams rented said real estate under a contract to pay the rent during the fall of 1905." When the warrant based upon this affidavit was exhibited to the tenant, he filed the statutory counter-affidavit and gave bond, with J. P. Billingsly and W. A. Jones as sureties, for the eventual condemnation-money. The proceedings were returned to the superior court of Polk county. On the trial the tenant moved to dismiss the proceedings, upon the ground that the premises from which the tenant was sought to be evicted were not sufficiently described. The court overruled the motion. A verdict was rendered in favor of the plaintiff, and judgment entered thereon. A bill of exceptions was sued out to the Supreme Court, and was voluntarily withdrawn. Afterwards the tenant and the sureties on the eventual condemnation-bond moved to set aside the judgment, because the description in the affidavit and warrant was so defective that no legal judgment could be rendered thereon. The court refused the motion, and movants excepted.

An affidavit to obtain a warrant to dispossess a tenant holding over should be sufficiently definite and certain in the description of the land to enable the sheriff to identify the premises. *Vaughn* v. *Vaughn*, 111 *Ga.* 807 (35 S. E. 650). It is not necessary, however, that the identification be practicable from merely reading the papers and looking at the premises, if such descriptive fact or facts be specified which will guide the officer in making enquiry and serve as a mark of connection between the process and the property: *Vaughn* v. *King*, 60 *Ga.* 523. A description of the premises by a known name is sufficient; thus where the premises were described as "a lot in the county of Quitman and village of Georgetown, known as the Oatis place," and without specifying the number of acres and the metes and bounds of the lot, or the street on which it was located, the description was held to be sufficient: *Oatis* v. *Brown*, 59 *Ga.* 711. The premises are sufficiently identified by an allegation that they are in the possession of a certain occupant: *Longworthy* v. *Featherston*, 65 *Ga.* 165. A description of the premises, in a proceeding to dispossess a tenant, as "a house and lot at East Point, in said County and State, being the place where J. D. Thompson [the tenant] now resides," has been held sufficient: *Thompson* v. *Chapman*, 57 *Ga.* 16. It has been held that a levy which described the property levied on by reference to a record

which makes it certain is sufficient: *Solomon* v. *Breazeal*, 27 *Ga.* 200; *Sears* v. *Bagwell*, 69 *Ga.* 429. We have not been able to find any case where the courts have passed upon the sufficiency of a description depending upon its reference to a deed which is not alleged to be upon record. But, guided by the foregoing decisions, we think the description of the premises is not void for indefiniteness; and by the application of the maxim, "Id certum est quod certum reddi potest," the description is sufficiently certain to withstand a motion to set aside or in arrest of judgment, made by the tenant. It is almost impossible to describe a tract of land with such exactness as to enable the sheriff to deliver it, without some person to show him on the ground the boundaries alluded to in the writ. The officer was informed, by the description of the land in the writ given to him to execute, that it was the property of John M. Gilly; that it was the land rented to the tenant for the year 1905, and was in the possession of the tenant; that it was in the 7th district and 4th section of Polk county, being part of lots of land numbers 111 and 112, and that it was the same land described in the deed from Mrs. S. L. Freeman to J. R. Pennington. Each particular mark of identification may be insufficient to locate the land; but when all of the descriptive facts are taken together, we are of the opinion that the judgment is not void on its face because of the description in the affidavit and warrant, and that the court did not err in overruling the motion to set aside the judgment on this ground.     *Judgment affirmed.     All the Justices concur.*