### COWAN *v.* BANK OF ROCKDALE.

1. The evidence authorized a finding that the conveyance in question was not a bona fide preference, but was made with intent to delay or defraud creditors, and that this intention was known to the claimant.
2. Upon an issue whether a conveyance by a debtor to the claimant, his son, was made in fraud of creditors, the fact that on the day next after its execution the grantor conveyed other valuable lands to his wife, to another son, and to the claimant, was pertinent for consideration by the jury.
3. It was not error to refuse a nonsuit; and the refusal to direct a verdict will not be reversed.
4. The court's instruction to the jury was not erroneous for the reason assigned in the motion for new trial.

No. 4384. OCTOBER 16, 1924.

Claim. Before Judge Hutcheson. Rockdale superior court. April 17, 1924.

*C. R. Vaughn* and *E. T. Moon,* for plaintiff in error.

*J. H. McCalla* and *J. R. Irwin,* contra.

HINES, J. An execution in favor of the Bank of Rockdale against A. O. Cowan, which issued upon a judgment obtained on July 11, 1922, was levied upon a certain tract of land as the property of the defendant in said execution. To this land Ed L. Cowan filed his claim. On the trial it appeared, that on July 10, 1919, W. A. Harvill conveyed, by his deed to A. O. Cowan and Ed L. Cowan, the land in dispute for the consideration of $3500. On April 18, 1921, A. O. Cowan conveyed by his deed his one-half undivided interest in this land to Ed L. Cowan, for the alleged consideration of $1250. This deed was recorded on June 12, 1922. A. O. Cowan testified that he, as guardian of Ed L. Cowan, was indebted to the latter $500 or $600; and that he conveyed his half interest in this land to Ed L. Cowan in payment of this indebtedness, which was the sole consideration of this conveyance. This conveyance was made while the grantor was due the bank the indebtedness on which it obtained the judgment on which the levied execution issued. A. O. Cowan was the father of the claimant. The jury found an undivided half in this land subject, and found the other half not subject. The claimant moved for a new trial; the motion was overruled, and to this judgment he excepted.

1. There was evidence which authorized the jury to find, that the conveyance from the defendant in fi. fa. to the claimant was not a bona fide preference, but on the contrary was without consideration, and was made with the intention to delay or defraud creditors, such intention being known to the claimant. If so, this conveyance was void (Civil Code (1910), §§ 3224, 3230) ; and for this reason we can not say that the verdict is contrary to the law or to the evidence.

2. The court, over objection of claimant, admitted in evidence a deed from the defendant in execution to the claimant, Ed L. Cowan, to another son, J. C. Cowan, and to Lula Cowan, the wife of the defendant, conveying a described tract of 199-3/10 acres of land, for an alleged consideration of $8000, dated April 19, 1921, and recorded June 26, 1922. The claimant objected to the

admission of this deed, on the ground that it was irrelevant and immaterial; and its admission over his objection is made one of the grounds of his motion for new trial. The grantor testified that the consideration was never paid, but that this deed was to secure his boys the balance due them by him as their guardian. This deed was made the day after the father had conveyed to the claimant an undivided half interest in the premises in dispute, in payment, according to his testimony, of what he was due the claimant as guardian. This deed was relevant and material upon the issue of the bona fides vel non of the conveyance from the father to the son of his undivided interest in the land in dispute. It was a family affair. The father was in straitened circumstances. He was stripping himself of his property, and putting the title to it in members of his family. The father testified that he made his deed to the claimant to his half interest in the land in dispute in payment of what he owed claimant as guardian. The next day he made the admitted deed to the claimant, and another son and his wife; and this deed recites that its consideration is money due two of said grantees and another, who was his daughter, the debt to whom was to be paid by the grantees. The issue being one of fraud, the range of circumstances ought to be very wide; and the fact that on the day after the execution of the deed from the defendant to the claimant, under which the claimant asserts title to an undivided half interest to the land in dispute, the grantor conveyed other valuable lands to another son, his wife, and claimant, was a pertinent circumstance for the consideration of the jury. *Engraham* v. *Pate,* 51 *Ga.* 537; *Smith* v. *Wellborn,* 75 *Ga.* 799 (3). Slight circumstances may be sufficient to show fraud in family transactions. *Woodruff* v. *Wilkinson,* 73 *Ga.* 115; *Holbert* v. *Allred,* 24 *Ga. App.* 727 (102 S. E. 192); Civil Code (1910), § 4626.

3. At the close of the plaintiff's evidence the claimant's attorney moved (1) to nonsuit the plaintiff, (2) to enter judgment in favor of the claimant, and (3) to direct a verdict in favor of the claimant. The court overruled these motions, and the claimant makes this refusal one of the grounds of his motion. There was sufficient evidence to require the court to submit to the jury the issues involved. This court will not reverse the judgment of a

trial court for refusing to direct a verdict. *Easterling* v. *Cowart,* 149 *Ga.* 161 (2) (99 S. E. 301).

4. The trial judge charged the jury as follows: "If you find any act done by A. O. Cowan was with the intent to delay or hinder a creditor, such would be legal fraud; and if such intention was known to Ed L. Cowan, the claimant, at that time, it would vitiate or void the deed from A. O. Cowan to Ed L. Cowan. It is not necessary that the intention, if any, to delay, was coupled with the intention to defraud. The intention may be entirely honest. Fraud in this connection does not necessarily impute corrupt business motives." The error assigned on this charge is that it took from the jury the right to find that the defendant had the right to convey to the claimant property in settlement of his indebtedness to the latter, although such conveyance would tend to delay or hinder the plaintiff in the collection of its debt. The judge instructed the jury that if they found that the purpose of the defendant in fi. fa. was to secure his creditor, his son, if they found that the son was a creditor of the father, and there was no intention to delay or defraud creditors by the son, the deed from the defendant to the claimant would be good. While a debtor may prefer one creditor to another, and to that end may bona fide sell his property to his creditor in payment of his debt, the surplus, if any, not being reserved for his benefit (Civil Code (1910), § 3230), yet it must be done in good faith. *McWhorter* v. *Wright,* 5 *Ga.* 555 (2); *Booker* v. *Worrill,* 55 *Ga.* 332; *Comer* v. *Allen,* 72 *Ga.* 1; *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867). Our statute makes void all conveyances made with intent to delay, hinder, or defraud creditors (Code (1910), § 3224); and a conveyance, made by a debtor to his creditor, to prefer the latter, but with intent to delay other creditors, is fraudulent in law, although free from actual moral fraud, and such a preferential conveyance is void if the creditor knows of the intention of the debtor to hinder or delay his other creditors. *Evans* v. *Coleman,* 101 *Ga.* 152 (29 S. E. 645); *Monroe Mercantile Co.* v. *Arnold,* 108 *Ga.* 449 (34 S. E. 176); *Bigby* v. *Warnock,* 115 *Ga.* 385 (41 S. E. 622, 57 L. R. A. 754). The charge complained of, in view of the additional instruction referred to above, which was more favorable to the claimant than he was entitled to, was not erroneous

for the reason assigned in the claimant's motion for new trial. *Lamkin* v. *Clary,* 103 *Ga.* 631 (30 S. E. 596).

*Judgment affirmed.   All the Justices concur.*