CRAWFORD vs. C. W. & H. B. KIMBROUGH.

1. Where a crop of cotton and corn was levied on, and a claim thereto was interposed by the wife of the debtor, who, upon the trial, admitted possession of the property in her husband, and assumed the burden of proof, she thereby *prima facie* admitted title in him, possession of personalty indicating title thereto.
2. Where the claimant undertook to overcome this possessory title by showing title to the land on which the crops were raised, but the evidence was wholly unsatisfactory that her money paid for it, though the deed was made to her, and the entire transaction, as developed by the evidence, appeared full of fraud, concocted by the husband and wife to defeat the creditors of the former, a verdict subjecting the property was demanded by the evidence.
3. The verdict being demanded by the evidence, it is unnecessary to look closely at the errors assigned in respect to the charge of the court.

May 1, 1886.

Husband and Wife. Debtor and Creditor. Fraud. Claim. Verdict. Before MARION BETHUNE, Esq., Judge *pro hac vice.* Talbot Superior Court. September Term, 1885.

An execution in favor of C. W. & H. B. Kimbrough against J. J. Crawford, based on a judgment rendered September 17, 1884, was levied on certain crops of cotton and corn, and a claim was interposed by Mrs. Martha J. Crawford, the wife of the defendant in error. The entry of levy showed that the cotton and corn levied on constituted the crops growing on the " Laban Hughes place."

The claimant admitted possession in the defendant and assumed the burden of proof. She and her husband testified, in brief, as follows : The land on which the crops were raised belonged to the claimant. . She bought it in December, 1881, took a deed in her own name and paid for it. Both stated that her money paid for it; that she received a portion of the money from her father's estate and a portion from her farms. The husband testified that the amount received from her father's estate a number of

years before was $75 or $100; that in 1875, 1876 or 1877, she had $100 in gold; that she had purchased some land during the war, but had never sold it, and had not farmed on it for sometime; that $3,500 was paid for the Hughes place; that he had several places; that in 1876 or 1877, he sold one place to his son-in-law, and had also sold other places to his sons; that he was considerably indebted when his wife bought the property.; that some of the debts were reduced to judgment in 1882. Both stated that the defendant cultivated the place with the consent of the claimant for her, without any special contract. He stated that he always returned the property for taxation for her, but did not remember to have returned any property for her before 1881.

Other witnesses testified that Hughes moved from the place about the close of 1881 or the beginning of 1882, and that the defendant and claimant had since lived together on the land.

The deed from Hughes to the claimant, dated December 3, 1881, with the expressed consideration of $3,500, was introduced.

The testimony for the plaintiffs in *fi. fa.* was, in brief, as follows: The defendant, with his family, lived on the land in 1884. He managed the farm. He stated to a witness that he bought it; to another witness he remarked in a jocular manner, when he went to pay for the place, that he was afraid of being robbed. The cotton raised the year before the trial was marked with the name of the defendant. The debt to the plaintiffs was contracted in 1883 for supplies to run a farm. One of the plaintiffs testified that the defendant would frequently come in and talk about his crops, and nothing was said about his wife's having any farm. There were several small places which the defendant had had under his control within the past few years. They are occupied by his children.

The jury found the property subject. The claimant moved for a new trial, which was refused, and she excepted.

WILLIS & MATHEWS, for plaintiff in error.

MARTIN & WORRILL; JOHN PEABODY, for defendants.

JACKSON, Chief Justice.

A crop of cotton and corn was levied on as the property of Crawford. It was claimed by Mrs. Crawford. The claimant admitted possession in Crawford, her husband, and assumed the burden. Testimony was introduced in respect to the ownership of the land which produced the crop, and whose money really paid for it, the wife's or husband's. The jury found the cotton and corn subject, and the claimant, being denied a new trial, excepted.

1. When the claimant admitted possession in her husband of the personalty levied on, and assumed the burden, she admitted title in him. Possession of personal goods is title thereto.

2. She undertook to overcome this possessory title by showing title to the land; but the evidence was wholly unsatisfactory that her money paid for it, though the deed was made to her. The whole affair, as developed by the evidence, looks full of fraud, concocted by husband and wife, to defeat creditors of the former, and the verdict was demanded by the admission of possession of the cotton and corn by the husband and no sufficient rebuttal of the title so put in him by the wife's own admission of that possession in order to get the conclusion. *Cothran vs. Forsyth*, 68 *Ga.*, 560, 567; *Royce vs. Gazan*[*] and *Smith vs. Wellborn*,[†] last term. The ownership by admission and the husband's mortgage of the crop conclude the issue.

3. As the verdict was demanded, it is unnecessary to look closely at the errors assigned in respect to the charge of the court. At a glance the charge is all right.

Judgment affirmed.

[*] 76 *Ga.*, 79.   [†] 75 *Ga.*, 799.