## SINCLAIR *v.* HEWETT.

There was no evidence to support the verdict, and the court erred in refusing to grant a new trial.

Submitted June 30, — Decided July 28, 1897.

Attachment and claim.    Before Judge Falligant.    McIntosh superior court.    May term, 1896.

*Garrard, Meldrim & Newman,* for plaintiff in error.
*Kenan & Hartridge* and *A. S. Way,* contra.

SIMMONS, C. J.    To certain timber levied on under an attachment against Stafford, Sinclair interposed a claim.    The property was found subject, and the claimant moved for a new trial, upon the ground that the verdict of the jury was contrary to the evidence in the case and without evidence to support it.    The motion was overruled, and the movant excepted.

The court's charge and rulings upon the trial are not complained of; and the case is brought here for our consideration solely upon the facts.    If there was sufficient evidence to authorize the verdict, this court will not control the discretion of the trial judge in refusing the grant of a new trial; but upon a careful review of the evidence in the record, we think that there was no evidence upon which the verdict of the jury could be sustained.    The undisputed evidence shows that the timber levied upon was the property of the claimant Sinclair, and that Stafford was in the employ of Sinclair; that the timber was purchased with Sinclair's money, was hauled by Sinclair's teams, was marked with Sinclair's name; and that Sinclair paid all of the expenses and was liable for all losses.

Hewett, who was a country merchant, had sold goods to Stafford on the individual credit of the latter. This credit Hewett claims was extended to Stafford by reason of his representations that the timber belonged to him. At the time the timber was levied upon, it was on the public boom and in charge of Stafford.

The finding of the jury seems to us to be without evidence, law or reason to support it. To satisfy a private account against Stafford, a levy was made upon timber indisputably shown to be the property of Sinclair; and Hewett does not, so far as the record discloses, attempt to show any conduct on the part of Sinclair which would preclude or estop him from setting up his title. It is true there is evidence sufficient to warrant the conclusion that Stafford held himself out to be the owner of the timber, but there is no proof that Sinclair ever made any misrepresentations as to his ownership or otherwise contributed to the perpetration of any fraud upon Hewett; and certainly the owner of property is not estopped to set up his title because a servant of such owner has claimed the property as his own. Nor is the case changed by the fact that Stafford was in immediate charge and possession of the timber at the time of the levy. A man need not at all times remain in actual, personal possession of his property, but may entrust its keeping to his servants without prejudice to his own rights.

The plaintiff introduced at the trial an ordinance of the county commissioners, exercising jurisdiction ex officio as mayor and aldermen of the city of Darien, providing that certain inspectors and measurers of timber or lumber shall not be interested in or carry on the lumber business without permission first obtained from the board of commissioners. It was also shown that Sinclair, while engaged in the timber business, was an inspector and measurer of timber on the public boom such as was covered by the ordinance, and that he had not asked for permission to cut and sell timber. For this violation of the ordinance in question he may be subject, in a proper proceeding, to the penalty prescribed for such an offense, but these facts are entirely immaterial here, and can

have no effect in determining the ownership of the property in dispute.

It is the opinion of this court that Hewett failed utterly to make out his case, and that the record discloses no evidence to support the verdict of the jury finding the property subject.          *Judgment reversed.     All the Justices concurring.*