## SAMS *v.* THOMPSON HILES COMPANY.

1. When on the trial of a claim case the burden of proof was upon the plaintiff in execution, and the evidence in his behalf failed to show that the property in dispute belonged to the defendant in execution at the time of the levy, a verdict finding it subject was unwarranted.

2. Where in such a case the plaintiff in execution proved affirmatively that the defendant in execution had "turned over" to his wife a tract of land, telling her and their children " to go ahead and work it and support themselves as best they could," a crop produced thereon by the labor of the wife and children was not subject to a judgment against the husband, there being nothing to show that he was insolvent, or that thus allowing the wife the use of the land was a merely colorable transaction the real object of which was to defraud his creditors. The above is true although the husband may, in the capacity of surety for his wife or otherwise, have aided her in procuring stock and other supplies with which to make the crop, the only testimony as to these matters coming from a witness introduced by the plaintiff, and the same affirmatively showing that the farming enterprise in which the wife engaged was exclusively hers and in no sense that of the husband.

Submitted March 17,—Decided May 12, 1900.

Levy and claim. Before Judge Henry. Chattooga superior court. January term, 1899.

*Neel & Neel,* for plaintiff in error.

LUMPKIN, P. J.    The nature of this case is sufficiently in-
·dicated by the headnotes.  Obviously, it is not one falling under
the statute which declares that gifts of property by insolvent
·debtors are void as to creditors, for there was no proof that the
defendant in execution was insolvent or that he "turned over"
the land to his wife or allowed her the use of it with a view to
·defrauding his creditors; nor did he "give" her anything upon
which, as his property, an execution could have been levied.  It
is equally clear that this is not a case to which the decision in
*Wood* v. *Machine Co.,* 76 *Ga.* 104, to the effect that prior to
1866 the earnings of a married woman who was not a free trader
belonged to her husband, is applicable.  It is also apparent, we
·think, that the case in hand is essentially different from that of
*Lee* v. *Guano Co.,* 99 *Ga.* 572, laying down the doctrine that a
married man is by law entitled to the services of his wife, so far
·as relates to the performance of her ordinary household duties,
·and·that she can not make against him a charge for such services
and thus become a creditor in satisfaction of whose claim a
conveyance of realty from him to her would be good against
those to whom he was really indebted.  In the opinion delivered
in that case, it was remarked that the court was not dealing with
·"the question of the husband's appropriation of money made
by his wife as *earnings* from work or labor performed in spheres
·entirely outside of her household duties and obligations," and
further that "such earnings are oftentimes exclusively her own;
·certainly so, when her husband expressly consents to her engag-
ing in the occupation or business from which they are realized."

Even before the passage of the "married woman's act" of
1866, this court held that a wife, with or without the assent of
her husband, might devise by will, as her separate estate, realty
purchased with her earnings derived from an independent busi-
ness carried on by her with his consent.  *Cavenaugh* v. *Ainch-*
*backer,* 36 *Ga.* 500.  Since the passage of that act, the status of
married women as factors in the world of business has been
fully and uniformly recognized.  This court is thoroughly com-
mitted to the doctrine that a wife may acquire a separate estate
by making contracts and carrying on an occupation in her own
name and on her own account.  See *Hays* v. *Jordan,* 85 *Ga.*

741; *Schofield* v. *Jones,* Id. 816. It was in these cases distinctly ruled that, under the act mentioned, a married woman may engage in business and by so doing acquire and hold property as her own. This court has in many instances followed the doctrine thus established, and has not, so far as we are aware, ever departed from it. Applying that doctrine to the case before us, the wife was entitled to the crop which she made in the farming enterprise carried on with the labor of herself and her children. The evidence did not warrant a finding that this enterprise was really that of her husband, ostensibly conducted in the wife's name. While certain facts and circumstances in proof, had they been unexplained, might have warranted an inference that such was the case, they were explained fully and satisfactorily by the affirmative and uncontradicted evidence of the plaintiff's witness. As the burden of proof was on the plaintiff, and as the evidence did not show that the property levied on belonged to the defendant in execution, but the contrary, the verdict finding the property subject was unwarranted and the court ought to have set it aside.

*Judgment reversed. All concurring, except Fish, J., absent.*