## CANNON *v.* SHAHAN.

There was no evidence, from the attesting witnesses or otherwise, tending to show that the deeds were signed after the judgment, or made for the purpose of delaying and defrauding creditors ; and the verdict for the claimant was demanded by the evidence.

Argued May 7, — Decided May 30, 1903.

Levy and claim. Before Judge Fite. Gordon superior court. August 27, 1902.

*Cantrell & Ramsaur* and *Jones & Martin*, for plaintiff.
*Starr & Erwin*, contra.

LAMAR, J. In a claim case the plaintiff in fi. fa. assumed the burden. The only proof of possession by the defendant after the judgment was that he had a key to the house levied on and alleged to have been sold to the claimant, who resided at a distance; and that the defendant kept his buggy in the stable, which was also used by the public generally for that purpose. The claimant showed a sale of the property under deeds dated before the judgment, but not recorded until the date of the levy. There was no attempt to prove, by the witnesses to the deeds or otherwise, that they were in fact executed after the judgment was rendered, and a verdict for the claimant was demanded by the evidence.

*Judgment affirmed. By five Justices.*