## DOLLAR *v.* BUSHA.

In a claim case, where it appeared from the uncontradicted evidence that the property levied on was produced on the land of the claimant, who was the wife of the defendant in fi. fa., mainly by the work of the claimant and her children, though assisted by the labor of the husband, and that he had no interest whatever in the property, a verdict finding it subject to the lien of an execution against the husband was wholly unwarranted.

Submitted December 7,—Decided December 21, 1905.

Certiorari. Before Judge Kimsey. Hall superior court. July 18, 1905.

A fi. fa. in favor of S. J. Busha was levied on a bale of cotton as the property of E. B. Dollar, the defendant in fi. fa., and a claim thereto was interposed by his wife, Mrs. L. J. Dollar. On the trial of the claim case in a justice's court, the claimant admitted possession of the cotton in the defendant in fi. fa. after the rendition of the judgment against him. She testified, that the cotton belonged to her; that it had been raised on land of which she was in possession and which had been given her by her mother; that she and her children performed most of the labor in growing the cotton, though her husband worked some with them; that the plowing was done with a mule belonging to her, and she bought and paid for the guano to make the cotton; and that she did not rent the land to her husband, but he rented other land to make corn. The claimant's mother testified that she had given the land to her daughter, who had been in possession of it several years, but that no written deed to it had ever been delivered to her; that she owned the mule and ran the business, and her husband had no interest in the land or stock. Another witness swore that claimant owned the land and stock, and that the cotton was hers; and that he had "traded for the mule for her." The defendant in fi. fa. testified: "I never had any interest in the land; it belongs to claimant; her mother gave it to her. I never rented the land from claimant. I hauled the cotton to the gin for her." The plaintiff in fi. fa. introduced no

evidence in rebuttal, nor did he make any effort to impeach any of the witnesses who had testified. The jury nevertheless found the property subject, and the claimant took the case by certiorari to the superior court, where the finding of the jury was upheld. Exception is taken to the judgment overruling the certiorari.

*W. B. Sloan,* for plaintiff in error.

*Brooke & Henderson,* contra.

EVANS, J. (After stating the facts.) The defendant in fi. fa. and the claimant sustained the relation of husband and wife. The cotton levied on was produced on the claimant's land. The chief part of the labor in making the crop, of which the property levied on was a part, was performed by claimant and her children. The bare fact that the husband assisted in making the crop gave him no proprietary interest in it. If a husband debtor employs his labor on homestead land, or in connection with the exempt personalty, what his labor produces inures to the homestead beneficiaries. *Wade* v. *Weslow,* 62 *Ga.* 564; *Kupferman* v. *Buckholts,* 73 *Ga.* 778. A husband, acting bona fide, may become the creditor of his wife for services, by contract express or implied; and if he be such creditor, his creditors have their remedy against her by garnishment. *Keller* v. *Meyer,* 55 *Ga.* 409. But the debtor can not be forced to apply his labor to the extinguishment of his creditor's claim; there is no way of reaching it. *King* v. *Skellie,* 79 *Ga.* 151; *Kiser* v. *Dozier,* 102 *Ga.* 434. There is nothing in the record to even intimate that the wife rented the land to the husband, or that he was in any wise the owner of the crop produced on the land. We can see no objection in law or in morals to an insolvent husband contributing his labor or that of his minor children in assisting his wife to make her separate estate productive. The income would belong to the wife; and at most, the husband's creditors would only be entitled to reach what, if anything, might be due the husband for his services, by process of garnishment. Certainly the crop grown on her land would not be subject to an execution against her husband. No fraud or collusion between the husband and the wife is even suggested; and the verdict was clearly contrary to the evidence and should have been set aside in the certiorari proceeding. The jury was not at liberty to arbitrarily disregard the testimony of the claimant's witnesses, who stood unimpeached, upon the bare sus-

picion that they had testified falsely. *Seaboard Air-Line Ry.* v. *Walthour,* 117 *Ga.* 427; *M. & B. R. Co.* v. *Revis,* 119 *Ga.* 332. The facts of this case are altogether different from those appearing in *Crawford* v. *Kimbrough,* 76 *Ga.* 299, which is relied on by counsel for the defendant in error; the evidence in that case disclosing that there was collusion between the husband and wife to defraud his creditors, and that there was no merit in the claim interposed by her to the crops levied on. The decision in *Sams* v. *Thompson Hiles Co.,* 110 *Ga.* 648. directly supports the ruling now made.

*Judgment reversed. All the Justices concur.*