COTTER *v.* GAZAWAY, administrator; *et vice versa.*

LUMPKIN, J.  1. At common law, the earnings of the wife belonged to her husband. In Georgia, since the act of 1866, the husband may, by consent or agreement with his wife, express or implied, allow her to engage in an independent business on her own account, and to keep as her separate estate any earnings that she may make in such business. *Sams* v. *Thompson Hiles Co.,* 110 *Ga.* 648 (36 S. E. 104); *Roberts* v. *Haynes,* 112 *Ga.* 842, 844 (38 S. E. 109); *Belcher* v. *Craine,* 135 *Ga.* 73 (68 S. E. 839).

(*a*) Aliter in the absence of any consent or agreement, either express or implied, on the part of the husband that the earnings of the wife shall be retained by her as her separate estate. *Georgia R. Co.* v. *Tice,* 124 *Ga.* 459 (5), 466 (52 S. E. 916, 4 Ann. Cas. 200).

2. The administrator of a married woman brought an equitable petition

against her surviving husband and one who had made a bond for title to the latter, and from whom the husband claimed the right to have a deed on payment of a small balance of purchase-money. In the petition it was alleged that the husband had made the contract for the purchase and had taken the bond for title, but, being unable to raise sufficient funds to pay for the property, appealed to his wife to help him do so; whereupon they agreed,. in the presence of the vendor, that, if the wife would pay one half of the purchase-price of the land, the deed should be made to them jointly, and they should be joint owners of the property; and that, relying upon such agreement, the wife paid to the vendor more than one half of the purchase-price of the land from her own money. Evidence was introduced tending to support these allegations, and to show that the wife was the owner of a cow, that she sold vegetables, milk, and butter, that she used the money received from such sales in making payment on the land, and that she had a sum of money which she had retained for years. *Held*, that charges of the court to the effect stated in the preceding headnote were not erroneous, either as incorrect statements of law, or on the ground that they were without foundation in the pleadings and evidence.

3. The evidence was sufficient to support the verdict in favor of the plaintiff; the vendor made no complaint of it; and while some of the charges assigned as error were not entirely accurate, especially on the subject of partial payments by the plaintiff's intestate, yet the jury found in effect that the wife paid for one half of the property; and there was nothing which required the grant of a new trial.

4. The judgment assigned as error in the main bill of exceptions having been affirmed, the cross-bill of exceptions is dismissed.

*Judgment on main bill of exceptions affirmed. Cross-bill of exceptions dismissed. All the Justices concur.*

APRIL 17, 1914.

Equitable petition. Before Judge Fite. Whitfield superior court. January 25, 1913.

*W. C. Martin* and *W. E. Mann,* for Cotter.

*George G. Glenn* and *M. C. Tarver,* contra.