## BROWN *v.* CAYLOR, trustee.

1. Where on the trial of a claim case the wife of the defendant in fi. fa., whose trustee in bankruptcy was the claimant, was permitted to testify, over objection, that a certain lot of land (on which she claimed that she had borrowed money and that her money had been used in buying the stock of goods levied on) had recently been sold by the trustee in

bankruptcy, the admissibility of such testimony was not open to the *sole* objection that there was better evidence of the sale.

2. The reports of mercantile agencies, offered for the purpose of proving the amount of property owned by a person, are not admissible in evidence to prove the value of such property; nor does their competency in this case appear for the purpose of showing "notice, lack of notice, or motive."

3. Where on the trial of a case the court propounded certain questions to a witness, which examination, it is insisted, was so conducted as to prejudice the rights of the plaintiff in error and elicited certain hearsay testimony, this action on the part of the court will not cause a reversal in the absence of any objection having been raised thereto at the time.

4. Under the conflicting testimony as to issues material to the case, the court should have submitted them to the jury under proper instructions, and erred in directing a verdict for the claimant.

　　NOVEMBER 13, 1915. REHEARING DENIED DECEMBER 18, 1915.

Claim. Before Judge Fite. Murray superior court. November 17, 1914.

*William E. Mann,* for plaintiff in error.

*Paul F. Akin* and *F. K. McCutchen,* contra.

HILL, J. 1. This is a claim case. The wife of the defendant in fi. fa., whose trustee in bankruptcy was the claimant, was permitted to testify, over objection, that the lot of land called the "home place," on which she claimed to have borrowed money (she testifying also that her money had been used in buying the stock of goods levied on), had recently been sold by the trustee in bankruptcy. The objection was that there was better evidence of the sale. The court stated that he would let the fact that it had been sold remain in. If there were any relevancy in showing that there had been a mere negotiation or crying off of the property by the trustee in bankruptcy, without a conveyance of it to the purchaser, this ruling would be correct. If the purpose was to show that the trustee in bankruptcy had conveyed the property to a third party, the conveyance would be in writing. If any question of his authority to make the sale were involved, there would be appropriate means of showing that. The witness had asserted that the lot was hers, and that she borrowed money on it. This must have been before she became a bankrupt. How a subsequent sale of the lot by her trustee in bankruptcy, at a date which does not appear, would throw any light on the question of whether she was the bona fide owner of the lot when she claimed to have bor-

rowed money on it, is not apparent. But, under the objection made to the evidence, it is not made to appear that its admission was erroneous.

2. The court admitted in evidence reports of R. G. Dun & Company and the Bradstreet Mercantile Agency, to the effect that Mrs. Bishop was worth from fifteen to twenty thousand dollars in real estate, and that she was the sole proprietor of the business, over objection that the evidence was immaterial and irrelevant. We think that it was objectionable. The reports of mercantile agencies as to the amount of her property would not be admissible to prove the truth of such statements on behalf of herself or the trustee in bankruptcy. The court ruled that he would admit the evidence "so far as it showed notice, lack of notice, or motive." It is not shown how this tended to show notice or lack of notice, or notice of what or to whom, or motive on whose part. The evidence should have been rejected.

3. Error was assigned upon the propounding of certain questions by the court to a witness. It was contended that the testimony elicited was hearsay in character, and should not have been elicited by questions from the court. In a note to the motion for a new trial it was stated that no objection was made to such questions. It was not contended that the court so conducted the examination as to prejudice the rights of the plaintiff, further than in eliciting by his questions certain hearsay evidence. As against this objection, in the absence of objection made at the time to the questions or answers, the ground will not cause a reversal.

4. It was error to direct a verdict for the claimant. It can not be said that the verdict was demanded by the evidence and all inferences which the jury might legitimately draw therefrom. Civil Code (1910), § 5926. There was evidence tending to show that the defendant in fi. fa. was in possession of the stock of goods levied on after the date of the judgment and at a time not far from the date of the levy. The claimant contended that the wife of the defendant in fi. fa. was the owner of the property, and that her husband acted as her manager. It was shown that he bought some of the goods, but she claimed to have furnished money for that purpose. She testified that she borrowed money on the security of her place, which she called her home. She stated that

she was in possession of the home, and that her husband built it for her, and that they were living there as husband and wife. The plaintiff in fi. fa. introduced evidence to show that the husband returned the real estate for taxation in his own name, and also returned other property of the aggregate value of $19,-650. It further appeared that the wife, trading as the Dalton Mercantile Company, was adjudicated a bankrupt a few days after the date of the levy. It will thus be seen that possession of the property in the defendant in fi. fa. after judgment and not long before the levy was shown; that the wife claimed that her husband was in possession until a short time before the levy, as her manager; that she furnished money for him to buy goods, and that she borrowed the money on the security of the lot, which she referred to as her home; but that she and her husband lived on the place together; that he built the home for her; and that he returned the property for taxation as his own. She introduced no muniments of title to confirm her parol testimony. Presumptively the possession was in the husband where he and the wife lived together on the property. Considering the entire evidence as it appears in the record, together with the inferences which the jury might legitimately draw from such evidence and the lack of evidence, it was error to direct a verdict for the claimant.

The facts above stated differentiate this case from those in *Sams* v. *Thompson Hiles Co.,* 110 *Ga.* 648 (36 S. E. 104), and *Cannon* v. *Shahan,* 118 *Ga.* 99 (44 S. E. 824), cited in the brief of counsel for the defendant in error. Nor is section 3322 of the Civil Code of 1910 applicable. This was not a controversy, so far as the record shows, between the holder of a judgment obtained outside of the county of the defendant's residence, and parties acquiring a transfer of or lien binding the property of the defendant in fi. fa., in good faith and without notice, after its rendition. It is not shown in this case that the wife claims to have been the purchaser from her husband after the rendition of the judgment; and the trustee in bankruptcy did not occupy this position, but had devolved upon him such title as the wife had.

*Judgment reversed. All the Justices concur, except Beck, J., absent.*