### 17993.   LOWTHER *v.* MITCHELL.

1. The court erred in giving to the jury the instructions complained of in the motion for a new trial.
2. Questions of fact on material issues, where the evidence is conflicting and does not demand a particular verdict, should be submitted to the jury.

DECIDED JUNE 15, 1927.   REHEARING DENIED JULY 14, 1927.

Breach of contract; from city court of Atlanta—Judge Dorsey. December 21, 1926.

*Bryan & Middlebrooks, John A. Dunaway,* for plaintiff in error.
*Kendrick L. Scott, George L. Bell Jr., Little, Powell, Smith & Goldstein,* contra.

BLOODWORTH, J.   On January 7, 1924, O. H. Lowther made to Mrs. L. T. Mitchell a written offer to purchase from her a certain residence and several lots in the City of Atlanta, for which he agreed to pay $27,000, and did pay "$500 on earnest money and purchase-price" on the property. On January 10, 1924, Lowther advised Mrs. Mitchell in writing "that he would not go ahead with said contract." Later Mrs. Mitchell sued Lowther for $5000 damages, alleging that this amount was "the difference between the contract price and the market value" of the property, and that "the defendant was without legal reason to break said contract, and plaintiff has never agreed to said action of the defendant." The defendant filed pleas in which he denied liability, and further alleged that he had been led to sign said sales contract by false and fraudulent representations made to

----

Trial, 38 Cyc. p. 1568, n. 98; p. 1575, n. 27, 29, 30.

him by one Stanton, salesman for Turman-Brown Company, real-estate agents, and that Stanton was the agent of Mrs. Mitchell and was acting for her, and that after the defendant had signed the contract he discovered many objectionable features about the property, and that "these facts were known to the plaintiff and her agents and representatives, and were not known to this defendant and were withheld from him." The trial resulted in a verdict for the plaintiff, and upon the overruling of the defendant's motion for a new trial he excepted.

1. A ground of the motion for a new trial alleges that the court erred in charging the jury as follows: "It is unnecessary to go through all the details of the pleadings in the statement to you, because the court directs the jury that in the case the plaintiff is entitled to recover, provided she was damaged. So it is unnecessary to call your attention to all the details of the pleadings, or the different subjects which have been eliminated by the rulings of the court." Under the facts of this case this charge was erroneous, in that it in effect directed a verdict as to liability, and it withdrew from the jury certain material issues of fact, where the evidence was conflicting and did not demand a particular verdict, and left with the jury only the question of whether or not there was any damage, and if so how much. *Brown* v. *Caylor,* 144 *Ga.* 302 (4) (87 S. E. 295); *Fielder* v. *Davison,* 139 *Ga.* 509 (6) (77 S. E. 618); *Culver* v. *Wood,* 138 *Ga.* 60 (4) (74 S. E. 790); *Black* v. *Middle Georgia & Atlantic Ry. Co.,* 104 *Ga.* 561 (31 S. E. 404).

2. Whether or not Turman-Brown Company and Stanton, their salesman, were agents of Mrs. Mitchell and acted for her in the sale of her property to Mr. Lowther, and whether or not Mrs. Mitchell, if she did not in the first instance actually employ these people to sell her property, did thereafter by her conduct and by accepting the benefit of their services thus become responsible for their acts as her agents, and whether or not Mr. Lowther exercised reasonable diligence in inspecting and examining the Mitchell property, were all questions of fact on material issues, on each of which there was conflicting testimony, and each of which should have been submitted to the jury.

*Judgment reversed. Luke, J., concurs. Broyles, C. J., disqualified.*