19032.    JENKINS v. BEST TRADING COMPANY.

STEPHENS, J. 1. Whatever inference tending to establish title in the defendant in fi. fa. may in a claim case be drawn from the fact that at the time of the levy the property levied upon was in his possession, the inference is conclusively rebutted by undisputed evidence that the property consisted in part of crops grown upon land belonging in part to the claimant and in part rented by the claimant from the owner and for which the claimant paid the rent out of her own money;

that the crops were produced from money which the claimant had borrowed upon her own credit, and were produced by her labor and the labor of her children, notwithstanding the defendant in fi. fa., who was her husband, "had a general supervision of the farm and directed what work" was to be done by those working the crops, and also by undisputed evidence that the title to an automobile levied on, which had originally been bought by the defendant in fi. fa. under a retention-of-title contract, was in the claimant as transferee from the seller, the claimant having acquired the title for an adequate and valuable consideration. *Sinclair* v. *Hewett*, 102 *Ga*. 90 (29 S. E. 139); *Dollar* v. *Busha*, 124 *Ga*. 521 (52 S. E. 615); *Moore* v. *Kendall*, 10 *Ga. App.* 375 (73 S. E. 542). This is true notwithstanding there was in the record evidence, admitted without objection, of an admission made by the defendant in fi. fa. at the time of the levy that a part of the crops levied on belonged to him. Such evidence being hearsay, and not being admissible as an admission made prior to the litigation and as having probative value under section 5776 of the Civil Code of 1910, it can not have probative value as tending to establish title in the defendant in fi. fa. to any part of the crops levied on.

2. Upon the trial of a claim case the only issue is as to the title of the property levied on. *Blackstock* v. *Blackman*, 152 *Ga*. 179 (5) 108 S. E. 775); *Denton* v. *Hannah*, 12 *Ga. App.* 494 (9) (77 S. E. 672). Where the property levied on consisted of crops grown in the year 1927 and claimed by the wife of the defendant in fi. fa., evidence that in the year 1924 the plaintiff sold fertilizer to the defendant in fi. fa. under the belief that the defendant in fi. fa. owned the land upon which the crops levied on were made three years later, and that the defendant in fi. fa. then told the witness that the land belonged to the defendant in fi. fa., was irrelevant and immaterial to the issue. Title to or proprietorship in the farm in 1924 did not in any way tend to illustrate the title to the crops grown on the same farm in 1927, at a time when the land upon which these crops were made in part belonged to the claimant or were rented by her from another. This evidence tended to prejudice the claimant's case and was improperly admitted.

3. The verdict found against the claimant, finding the property subject, was without evidence to support it, and the court erred, as against the claimant, in admitting in evidence the testimony referred to in paragraph 2·above.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 22, 1929.

P. C. *King, Lowrey Stone,* for plaintiff in error.
*Zach Arnold, contra.*