## 22218.   SCRUGGS *v.* BLACKSHEAR MANUFACTURING COMPANY.

DECIDED OCTOBER 28, 1932.

*Homer L. Causey, Andrew J. Tuten,* for plaintiff in error.

*S. F. Memory,* contra.

SUTTON, J.  A general execution was issued on October 9, 1930, against Mrs. B. A. Scruggs and J. E. Scruggs, as principals, and G. W. Houston, as surety, on a judgment obtained by the Blackshear Manufacturing Company.  This execution was levied on October 6, 1931, upon certain described personalty, consisting of certain mules, hogs, cows, and farming implements.  The return of the levying officer recited that the described property was found in the possession of the two principal defendants.  A claim to said property was interposed by J. B. Scruggs, a son of Mrs. B. A. Scruggs and J. E. Scruggs, and bond given.  The plaintiff traversed the claim, alleging that the property levied on was the property of the principal defendants.  On the trial of the issue the plaintiff in fi. fa. introduced in evidence the execution and entry of levy and the return of the levying officer, and rested.  The claimant introduced a deed from Mrs. B. A. Scruggs to Miss Vivian Scruggs to 65-1/2 acres of land, being the farm lands of the grantor, said deed being dated September 16, 1929, reciting a consideration of $1,000 and natural love and affection, and being properly executed and recorded.  In this deed the grantor conveyed to the grantee described personalty, including the personalty involved in this case.  One of the witnesses to this deed was A. J. Tuten, of counsel for the claimant in this case.  Miss Vivian Scruggs testified: that she bought her mother's equity in the farm where they live on September 16, 1929; that there was a loan against the property in favor of the Patterson Bank; that she also bought the personalty on the farm, being the personalty involved in this case; that she paid her mother $1,000 for her equity in the farm and for the personalty; that her mother and father lived with her; that the property has never been moved from the place; that her father continued to work on the farm, but not as manager; that since she bought the place she had been running it herself; that her father helped to make the crops, but had no interest in the farm or the personal property; and that she takes care of her father and mother on the farm, and her father just works when he can, his health not being good; that she had some other people to come and work on the

farm for her; that she managed the farm; and that she paid the $1,000 to her mother, $500 of it being her own money and $500 of it loaned her by her brother, claimant in this case. Claimant introduced in evidence a bill of sale from Miss Vivian Scruggs to him for such personalty, dated September 16, 1929, the consideration being stated as $500. This bill of sale recites that the title to the personalty shall remain in the vendee until the vendor repays to the vendee the sum of $500 which she that day borrowed from him. The claimant testified that he was the owner of the personal property in dispute; that he loaned his sister $500· to pay on the equity in the land and the personalty which she bought from their mother; that he let his sister have this money the day she bought the farm and personalty; that the money was turned over to her in the office of A. J. Tuten, of counsel for claimant in this case; that he left the property with his sister to be used by her for her benefit and for the benefit of his father and mother; and that his sister took care of this property for him. In rebuttal the plaintiff in fi. fa. introduced the evidence of a witness that he had been to the farm in question since the date of the deed to Miss Vivian Scruggs and had seen her father running the farm as he had always done and that he did not see Miss Vivian Scruggs having anything to do with the farm and personal property. Another witness for the plaintiff testified that during 1931 the father of Miss Scruggs engaged him to cut some hay and paid him for the work; that Miss Scruggs had nothing to do with this arrangement; and that her father appeared to be in complete control of the place. Another witness for the plaintiff testified that he had bought some hay from J. E. Scruggs; that Miss Scruggs had nothing to do with it; and that J. E. Scruggs was apparently running the farm as he always had. No evidence was introduced that the deed and the bill of sale were made to hinder, delay or defraud the plaintiff. No evidence was introduced tending to refute the evidence for the claimant that these instruments were executed for a valuable consideration and were valid conveyances, and that the property therein described was delivered.

When the plaintiff in fi. fa. introduced the execution with the entry of the levying officer thereon that he had levied on the personalty described in his return in the possession of the principal defendants, the onus was cast upon the claimant to prove his claim.

*Williams* v. *Hart,* 65 *Ga.* 201; *Lamkin* v. *Clary,* 103 *Ga.* 631, 635 (30 S. E. 596); *Burt* v. *Rubley,* 113 *Ga.* 1144 (39 S. E. 409); Civil Code (1910), § 5170. The uncontradicted testimony of the claimant that the property levied on had been bought by him with his own money, and had never been owned since his purchase by any one else, is sufficient to entitle him to recover. 23 C. J. § 528, p. 602. Evidence that claimant was a bona fide purchaser for value from one to whom the defendant in fi. fa. had, before the date of the plaintiff's judgment, on a valuable and adequate consideration, conveyed the property in dispute, requires a verdict for the claimant. *Walker* v. *Hughes,* 108 *Ga.* 768 (33 S. E. 417). The presumption of ownership arising from the recital made by the levying officer, in the entry of the levy, that the property levied upon was in the possession of the defendant in fi. fa. at the time of the levy, was fully rebutted by the undisputed evidence in behalf of the claimant. *Moore* v. *Kendall,* 10 *Ga. App.* 375 (73 S. E. 542). The plaintiff in fi. fa. failed to refute this evidence, unless we can consider the testimony of the three witnesses introduced in rebuttal, to the effect that the father of Miss Vivian Scruggs was apparently in charge of the farm and the personalty and managing the same, as showing possession of the personal property in him and as a circumstance towards showing that the conveyance from Mrs. B. A. Scruggs to her daughter and the bill of sale from the daughter to the claimant were without consideration and made to defraud the plaintiff in fi. fa. The possession of personal property remaining with the vendor after an absolute conveyance is evidence of fraud. *Greene* v. *Matthews,* 31 *Ga. App.* 265 (5) (120 S. E. 434). But this is only true where such possession is not satisfactorily explained. *Stephens* v. *Southern Cotton Oil Co.,* 147 *Ga.* 410 (94 S. E. 245); *Atwood* v. *Edenfield,* 150 *Ga.* 198 (103 S. E. 170). Proof of payment of valuable consideration for the property rebuts the presumption of fraud arising from continued possession by the seller. *Scott* v. *Winship,* 20 *Ga.* 429. The fact that the father was apparently managing the farm, without more, would not authorize such an inference, where the evidence showed that the father was living on the farm with his daughter and was helping her, the daughter having acquired title to the farm and personalty two years previous to the levy of the execution and before the judgment on which it was based was obtained and for a valuable consideration.

*Dollar* v. *Busha,* 124 *Ga.* 521 (52 S. E. 615) ; *Jenkins* v. *Best Trading Co.,* 39 *Ga. App.* 214 (146 S. E. 512). Furthermore, the above principle of law would not be applicable in this case. The father was not the seller of the personalty. The mother sold the land and personalty to the daughter, and she in turn conveyed the personalty to the brother. The evidence did not show that the mother exercised any direction or control over the personalty. The fact that she was living in the house with her daughter would not of itself authorize such an inference. It is true that transactions between relatives are to be scanned with care and scrutinized closely, and slight evidence of fraud shown between them may be sufficient to set aside the transaction. *McLendon* v. *Reynolds Grocery Co.,* 160 *Ga.* 763 (129 S. E. 65). However, a bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, would be valid. Civil Code (1910), § 3224(2). The jury were not at liberty to disregard arbitrarily the testimony of the claimant's unimpeached witnesses, upon the bare suspicion that they had testified falsely. *S. A. L. Ry.* v. *Walthour,* 117 *Ga.* 427 (43 S. E. 720) ; *M. & B. R. Co.* v. *Revis,* 119 *Ga.* 332 (46 S. E. 418) ; *Dollar* v. *Busha,* supra. It is our opinion that this case comes under the rulings made in *Sinclair* v. *Hewelt,* 102 *Ga.* 90 (29 S. E. 139) ; *Sams* v. *Thompson Hiles Co.,* 110 *Ga.* 648 (36 S. E. 104) ; *McIntosh* v. *Cleghorn,* 111 *Ga.* 827 (36 S. E. 105) ; *Dollar* v. *Busha,* supra; *Richler* v. *Virginia-Carolina Chemical Co.,* 1 *Ga. App.* 344 (2) (57 S. E. 939) ; *Moore* v. *Kendall,* supra; *Ehrlich* v. *King,* 34 *Ga. App.* 787 (131 S. E. 529) ; *Jenkins* v. *Best Trading Co.,* supra; and that the plaintiff in fi. fa. failed to make out a case entitling it to recover.

The rulings stated in headnotes 2, 3, and 4 do not require elaboration.

It follows from what is said above that the court below erred in overruling the claimant's motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*