## 22743. PRITCHETT et al. v. BAGBY.

SUTTON, J. 1. Although a father is primarily entitled to the services of his wife and minor son, he may agree with them that he will give them certain portions of the crops grown on lands rented by him, in consideration for their services in helping him to cultivate and harvest the entire crops grown by him on such lands. *Wilson* v. *McMillan*, 62 *Ga.* 17 (35 Am. R. 115); *Hargrove* v. *Turner*, 112 *Ga.* 134 (37 S. E. 89, 81 Am. St. R. 24); *Ehrlich* v. *King*, 34 *Ga. App.* 787 (131 S. E. 524).

2. This was a claim case, the trial of which before a jury in a justice's court resulted in a verdict for the plaintiff in fi. fa. When the plaintiff

in fi. fa. introduced the writ of attachment with the entry of the levying officer that he had levied on the property described in his return, in the possession of the defendant in fi. fa., this made a prima facie case in favor of the plaintiff in fi. fa. *Williams* v. *Hart,* 65 *Ga.* 201; *Scruggs* v. *Blackshear Mfg. Co.,* 45 *Ga. App.* 855, 857 (166 S. E. 249). However, the uncontradicted testimony of the claimants that a certain part of the property seized was .their property, and that the defendant in fi. .fa. agreed that they could have the same in consideration of their services upon the farm of the defendant in fi. fa., was sufficient to entitle them to recover and to carry the burden cast upon them by the introduction of the entry of the levying officer. *Ehrlich* v. *King,* supra; *Scruggs* v. *Blackshear Mfg. Co.,* supra. The presumption of ownership by the defendant in fi. fa. which arose from the recital made by the levying officer in his entry that the property was seized in the possession of the defendant in fi. fa. was fully refuted by the above undisputed evidence of the claimants. *Moore* v. *Kendall,* 10 *Ga. App.* 375 (73 S. E. 542).

3. It follows that the judge of the superior court should have sustained the certiorari, the petition for which complained of the verdict against the claimants in the justice's court.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 28, 1933.

*William E. & W. Gordon Mann,* for plaintiffs in error.