### 23026. Holt *v.* Daniel *et al.*

Sutton, J. On November 10, 1930, a husband conveyed certain real estate and personal property to his wife in satisfaction of his pre-existing indebtedness to her. At that time he was due a creditor $150 on a note. In December, 1930, the creditor instituted suit on the note, and in April, 1930, he obtained a judgment thereon. In May, 1931, the execution issuing on the judgment was levied on certain personal property included in the above-mentioned deed, and on certain crops, and the wife filed a claim to the property on which the levy was made. The plaintiff in fi. fa., in joining issue, alleged that the deed from the husband to the wife was made to hinder, delay, and defraud him in the collection of his debt from the husband. The case proceeded to trial. It being recited in the entry of the levying officer that the property levied on was in the possession of the defendant in fi. fa. at the time of the levy, and the plaintiff in fi. fa. having attacked the deed from the defendant in fi. fa. to the claimant as being made to hinder, delay, and defraud him in the collection of his debt, the claimant assumed the burden of proof and proceeded with her evidence. From this evidence the following undisputed facts appear: The defendant in fi. fa., who was the husband of claimant, owed her various amounts of money loaned and advanced to him by her at different times, the principal and interest of which amounted to approximately $4,000. On the witness stand the claimant enumerated items loaned and advanced to her husband, totalling $2,800. Some of the money loaned and advanced to the husband went towards paying for land and paying for implements and other personalty, which was later deeded to her by the husband. Prior to the suit against the husband by the plaintiff in fi. fa. the husband, by a deed to the claimant, conveyed certain real estate and the personal property levied on, for and in consideration of $4,000. No money passed, but the consideration of the deed was the satisfaction by the wife of the pre-existing indebtedness of the husband to her. Prior to and at the time of the levy of the execution the claimant was running a farm on the land conveyed to her by her husband, and also on other lands, which she rented. The husband lived with his wife, but had nothing to do with running the

farm, except that he and the children helped work it. Prior to the levy of the execution the claimant had given her mortgage note for the guano used on the farm. The property levied on belonged to the claimant, part of it being crops raised on the land conveyed to her by her husband, part of it being crops raised on the lands rented by her, and the remainder being the personal property conveyed to her by said deed. It does not appear that the claimant had any knowledge of the $150 note that her husband owed the plaintiff in fi. fa. There was no evidence to the effect that the plaintiff in fi. fa. had extended credit to the husband on the strength of his ownership of the property levied on, or that the claimant knew that the deed from her husband was made to hinder, delay, or defraud creditors (this being positively denied both by the claimant and the defendant in fi. fa.). In fact the plaintiff in fi. fa. introduced no evidence save the execution, the entry of the levying officer thereon, and the note executed by the defendant in fi. fa. At the conclusion of the evidence, the court directed a verdict for the claimant. The plaintiff in fi. fa. made a motion for a new trial, which was overruled, and the movant excepted. *Held:*

1. While the onus was on the claimant to prove her claim, it being recited in the entry of the levying officer that the property levied on was in the possession of the defendant at the time of the levy, the presumption of ownership arising from this recital was fully rebutted by the uncontradicted evidence of the claimant that the property levied on belonged to her. *Moore* v. *Kendall,* 10 *Ga. App.* 375 (73 S. E. 542). The plaintiff in fi. fa. failed to refute this evidence, and the evidence to the effect that the husband returned all the property of the claimant, including a portion of the property levied on, for taxation in his own name is not sufficient to overcome this undisputed evidence. Moreover, this was fully explained by the uncontradicted testimony of the husband that he did this at the suggestion of the tax-receiver.

2. The possession of personal property remaining with the vendor after an absolute sale is evidence of fraud. But this is only true where such possession is not satisfactorily explained. The undisputed evidence to the effect that the husband, who was the vendor, was only helping to work the farm, that the claimant was running it, that she and her husband were living together, and that the farm and all the property thereon belonged to the claimant, satisfactorily explains the apparent possession of the husband at the time of the levy. *Scruggs* v. *Blackshear Manufacturing Co.,* 45 *Ga. App.* 855, 858 (166 S. E. 249), and cit.

3. Proof of payment of a valuable consideration for the property rebuts the presumption of fraud arising from continued possession by the vendor. *Scott* v. *Winship,* 20 *Ga.* 429. A deed from a husband to his wife, the consideration of which was based on the payment by the husband of his pre-existing indebtedness to her, is a deed based on a valuable consideration and not a voluntary conveyance. See *Booker* v. *Worrill,* 55 *Ga.* 332; *Comer* v. *Allen,* 72 *Ga.* 1 (2), 13.

4. While the onus was on the wife to prove the bona fides of the deed from her husband to her, and such a transaction between them should be scanned closely in order to detect if there was any fraud, and in case it should be found that the conveyance was made to hinder, delay, or de-

fraud creditors of the husband, it would be void, the deed was for a valuable consideration, there was no evidence that the wife knew of the husband's indebtedness to the plaintiff in fi. fa., or that the husband was conveying the property to her for the purpose of hindering, delaying, or defrauding his creditors, and there was no evidence that the property was conveyed to the wife for this purpose; but in fact the undisputed evidence is to the contrary. In fact, the only evidence introduced by the plaintiff in fi. fa. was the execution, the entry of the levying officer thereon and the note given by the husband to him. In these circumstances, the claimant successfully carried the burden assumed by her in this case.

5. Applying the principles above laid down, to the facts of this case, the court did not err in directing a verdict for the claimant.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 27, 1933. REHEARING DENIED AUGUST 12, 1933.

*J. C. Newsom,* for plaintiff in error. *Evans & Evans,* contra.