### 24171. STEVENS v. INDUSTRIAL LIFE & HEALTH INSURANCE CO.

BROYLES, C. J. 1. "The beneficiary in a certificate issued by a mutual benefit association upon the life of one of its members is a mere volunteer beneficiary, who has no vested interest therein prior to the death of the member. In such certificate the beneficiary has only an expectancy, and not a vested interest, so as to prevent the member from substituting another beneficiary. The member may change the beneficiary without other limitations or restrictions than such as are imposed by statute. the articles of incorporation, the by-laws or the cer-

tificates of the association; and can at any time change the beneficiary named in such certificate and delegate some one else as beneficiary, without the consent of the original beneficiary." *Baldwin* v. *Wheat*, 170 *Ga.* 449 (153 S. E. 194).

2. Where, under the provisions of an industrial life and health insurance company's policy, each person insured becomes one of the insurers, thereby becoming interested in the profits and liable for the losses, the company is a mutual benefit association. Civil Code (1910), § 2529. The provision in condition 15 of the policy sued on in the instant case, that "the officers of the company reserve the privilege to make additional monthly assessments in case the weekly premiums are not sufficient to meet all claims in full," makes the company a mutual benefit association, and the ruling stated in the preceding paragraph is applicable thereto.

3. Under the foregoing rulings and the facts of the instant case, a finding in favor of the defendant company was demanded, and the court properly directed a verdict for that party.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED JANUARY 12, 1935.

*Hallie B. Bell, Cork & Cork,* for plaintiff.
*R. Douglas Feagin, Grady Gillon,* for defendant.

