## 23961. Nolley v. Elliott.

Sutton, J. 1. An absolute bill of sale of personal property, executed for a good and valuable consideration, passes title to the property conveyed, without the necessity of actual manual delivery of the property. Civil Code (1910), §§ 4106, 4125; *Willingham* v. *Veal*, 74 *Ga.* 755; *Allen* v. *Hollis*, 31 *Ga.* 143; *McDuffie* v. *State*, 19 *Ga. App.* 39 (90 S. E. 740); *Dilman* v. *Patterson Produce Co.*, 2 *Ga. App.* 213, 215 (58 S. E. 365).

2. A transfer of a chattel mortgage from the mortgagee to one of the mortgagors, based on a valuable consideration flowing from one not a party to the transaction, passes title to the interest of the mortgagee into the mortgagor named in the transfer. Civil Code (1910), § 4249; *Bing* v. *Bank of Kingston*, 5 *Ga. App.* 578 (3) (63 S. E. 652).

3. When the plaintiff in fi. fa. in a claim case introduces in evidence the execution, with the entry of the levying officer that he had levied on the property described in his return, in the possession of the defendant in fi. fa., this makes a prima facie case in favor of the plaintiff in fi. fa. *Pritchett* v. *Bagby*, 46 *Ga. App.* 772 (169 S. E. 211).

4. While the law will scrutinize transactions between near relatives very carefully, and upon slight evidence of fraud will set them aside where the rights of creditors are affected, a bill of sale of certain machinery from one brother-in-law to another, the consideration of which is based

on the prior payment by the grantee of the consideration of a chattel mortgage held by a creditor against the machinery, whereby the title to the machinery had vested in the grantor in the bill of sale, is a bill of sale based upon a valuable consideration, and not a voluntary conveyance. See *Holt* v. *Daniel*, 47 *Ga. App.* 334 (3) (170 S. E. 383).

5. While the onus was on the claimant to prove his claim, it being recited in the entry of the levying officer that the property levied on was in the possession of the defendant in fi. fa. at the time of the levy, the presumption of ownership arising from this recital was fully refuted by the uncontradicted evidence of the claimant that the property levied on belonged to him. *Moore* v. *Kendall*, 10 *Ga. App.* 375 (73 S. E. 542).

6. While the possession of personal property remaining with the vendor after an absolute sale is evidence of fraud, this is true only where such possession is not satisfactorily explained; proof of payment of a valuable consideration for the property rebuts the presumption of fraud arising from continued possession by the vendor; and in this case the uncontradicted evidence to the effect that the grantee in the bill of sale from his brother-in-law, the claimant rented the property conveyed thereby to the defendant in fi. fa., that he had other business to attend to and could not run the furniture factory, and that he paid a valuable consideration for this machinery, which was done also to aid his brother-in-law and sister, but that he considered that he owned the property, at least as security for the consideration furnished by him to the holder of the chattel mortgage against the property for the latter's conveyance or transfer thereof to his brother-in-law, satisfactorily explains the apparent possession of the defendant in fi. fa. of the property levied on, at the time of the levy. *Holt* v. *Daniel*, supra; *Scruggs* v. *Blackshear Mfg. Co.*, 45 *Ga. App.* 855, 858 (166 S. E. 249); *Scott* v. *Winship*, 20 *Ga.* 429.

7. There being no evidence of the plaintiff in fi. fa. to refute the evidence of the claimant to the effect that he owned the property levied on, the court erred in finding in favor of the plaintiff, and in overruling the claimant's motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

Decided January 14, 1935.

385

*Samuel N. Evins Jr., Jones, Evins, Powers & Jones,* for plaintiff in error.

*Clifford Hendrix, Hendrix & Buchanan,* contra.