27674. VICKERS v. CALHOUN SERVICE STATION.

DECIDED SEPTEMBER 22, 1939.

*Lee S. Purdom,* for plaintiff in error. *Eldon L. Bowen,* contra.

SUTTON, J. On September 2, 1938, a fi. fa. in favor of the Calhoun Service Station against Ira Vickers was levied on a load of produce, consisting of 600 pounds of cabbage, 18 bushels of apples, and 26 bushels of tomatoes, in the possession of the defendant in fi. fa. A claim to the produce levied on was filed by Mrs. Gussie Vickers, wife of the defendant in fi. fa. On the trial the evidence was substantially as follows: The claimant admitted that the property levied on was in the possession of the defendant in fi. fa. at the time of the levy. Ira Vickers testified, that the property in question was the property of Mrs. Gussie Vickers, the claimant, and was not his property; that she gave him the money with which to buy the produce, and he as her agent went to Fancy Gap, Virginia, and purchased the property from the J. W. Warrell Produce Company in the name of Mrs. Gussie Vickers, and took an invoice therefor in her name, and was on the way to Jacksonville, Florida, to sell it when it was levied on in Ware County, Georgia; that when the property was levied on he went to Waycross with the deputy sheriff and Mr. Calhoun, and offered Mr. Calhoun a truck tire if he would release the property, and when Calhoun refused to do this he told him if he would let him carry the produce on to Jacksonville, Florida, he would pay him at least $25 on his return; and that he owned no part of the produce, but was working as agent for his wife in the entire transaction. The claimant, testified that the cabbage, apples, and tomatoes levied on were her property; that her husband, Ira Vickers, owned no interest in them; that she gave him the money to buy this produce, and he was acting as her agent and under her instructions when he went to Virginia and bought it; and that he was so acting while he was carrying it to Jacksonville, to sell, when it was levied on. The bill of sale or invoice was in evidence, showing that the

produce in question was sold on August 31, 1938, by the J. W. Warrell Produce Company of Fancy Gap, Virginia, to Mrs. Gussie Vickers for $102, which was paid. B. E. Calhoun testified that he was the owner of the Calhoun Service Station; that he had the truck load of produce in question levied on, but did not know whose property it was; that Ira Vickers offered to let him have a truck tire if he would authorize the levying officer to release the truck, and stated that if Calhoun would release the truck and permit him to sell the produce on the Jacksonville market, Vickers would pay him $25 on his return. The jury returned a verdict in favor of the plaintiff in fi. fa. The claimant's motion for a new trial was overruled, and the exception is to that judgment.

■ In the trial of a claim case, the fact that the claimant admitted that the defendant in fi. fa. was in possession of the property levied on at the time of the levy would not authorize a verdict in favor of the plaintiff in fi. fa., where the uncontradicted evidence conclusively rebutted the prima facie case thus made. *Cornelia Bank* v. *Taylor*, 37 *Ga. App.* 538 (140 S. E. 901).

2. Under the undisputed evidence, the title to the property in question was shown to be in the claimant, and the verdict in favor of the plaintiff in fi. fa. was unauthorized. *Moore* v. *Kendall*, 10 *Ga. App.* 375 (73 S. E. 542); *Liberty Lumber Co.* v. *Enecks*, 23 *Ga. App.* 311 (98 S. E. 97); *Nolley* v. *Elliott*, 50 *Ga. App.* 382 (178 S. E. 311). The court erred in overruling the motion for a new trial.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*