## 54093. JONES v. SPINDEL.

BIRDSONG, Judge.

The appellant, Mrs. Jones, appeals the jury verdict and judgment in favor of the appellee, Mrs. Spindel, as executrix of her husband's estate. Mr. Spindel obtained an $82,000 judgment against Mr. Jones and a fieri facias was issued upon the judgment. The fi. fa. was executed against the household furnishings allegedly belonging to Mr. and Mrs. Jones. Thereafter, Mrs. Jones filed an affidavit of illegality to the execution maintaining that the personalty was her personal property and thus not subject to the execution levied upon a judgment against her husband. The sole issue before the jury was whether or not Mrs. Jones was the owner of the personalty.

The uncontradicted evidence showed that Mrs. Jones bought her first house in the late 1930's and had since that time purchased numerous pieces of real estate. The evidence also reflected that she was involved in several business ventures. Neither party placed in question Mrs. Jones' ability to independently purchase and own her individual property. There was other evidence that Mr. Jones also earned a substantial income during most of the years of the marriage. However, of more critical importance, was the evidence by both Mr. and Mrs. Jones that she had purchased the home in which she and her husband lived and had purchased all the furnishings from her own assets. They considered the property her own and she had declared the property as hers for purposes of taxation. There was no evidence adduced that Mr. Jones had purchased any of the family's residential real or

personal property during the course of the marriage.

Over objection, Mrs. Spindel was allowed to introduce documentary evidence that shortly after the rendering of the judgment against Mr. Jones, post-judgment interrogatories were served upon Mr. Jones concerning his assets. At that time, he invoked his privilege against self-incrimination as to what property he owned. Further, when the levy was executed upon the household furniture, Mrs. Jones was obligated to execute a bond to suspend the execution thereof during the pendency of the affidavit of illegality. Because she maintained she could not sustain a $200,000 bond, Mrs. Jones executed a pauper's affidavit. Both the invocation of the privilege by Mr. Jones and the pauper's affidavit by Mrs. Jones were admitted into evidence for the limited purpose of going to the credibility of Mr. Jones' assertion that all the property was owned by his wife and his wife's assertion that she had insufficient assets to make the appropriate bond. Mrs. Spindel offered no evidence on the merits.

Following the introduction of the above information, Mrs. Jones moved for a directed verdict, which was denied. The trial judge indicated that because of the impeaching evidence offered by Mrs. Spindel, a question of fact was created, thus justifying the refusal of the motion for directed verdict. The trial court nevertheless refused to charge the jury that it could infer joint ownership of personal property in a home occupied by a husband and wife. Following the jury verdict in favor of Mrs. Spindel for some of the property, Mrs. Jones moved for a judgment non obstante veredicto. This too was denied. These rulings by the trial court constitute the grounds for the enumerations of error. *Held:*

1. We reverse. Assuming, arguendo, that the impeaching evidence had vitality to impair the credibility and believability of the Joneses, that evidence had no evidentiary value to show a different state of facts. At best such evidence could show that Mr. Jones owned some unidentified property or that Mrs. Jones had requisite assets to pay for the required bond. Ultimately it could allow the jury to disbelieve each witness. Nevertheless, there was no credible evidence in this record to show

ownership in any person other than Mrs. Jones. We are thus faced with uncontradicted (though possibly impeached) evidence that Mrs. Jones had purchased the property with her own money, that the property had never been owned by anyone else, and that she had paid all the taxes upon the property as her own. Such evidence is sufficient to entitle her to recover. *Scruggs v. Blackshear Mfg. Co.,* 45 Ga. App. 855, 858 (166 SE 249) (1932). The jury was not at liberty to disregard arbitrarily the testimony of the claimant and her witnesses, upon the bare suspicion that they had testified falsely. *Dollar v. Busha,* 124 Ga. 521, 522 (52 SE 615) (1905).

While it is erroneous for a court to direct a verdict in favor of a particular party to the cause where there is an issue of fact, where the proved facts, viewed from every possible legal point raised by the evidence, would sustain no finding other than the one directed, i.e., where there is no issue of fact, then it is error to refuse to direct an appropriate verdict. *Norris v. Coffee,* 206 Ga. 759 (4) (58 SE2d 812) (1950); *Moody v. Nides Finance Co.,* 115 Ga. App. 859 (1) (156 SE2d 310) (1967). Further, in giving consideration to a motion for judgment notwithstanding the verdict, the court is concerned substantially with the same principles of law as are applicable upon consideration of the motion for directed verdict. The question for determination is whether or not the evidence demands a verdict for movant (*Kicklighter v. Kicklighter,* 217 Ga. 54 (121 SE2d 122) (1961); *Daniel v. Weeks,* 217 Ga. 388 (122 SE2d 564) (1961); *Salley v. Hogan,* 104 Ga. App. 876 (123 SE2d 313) (1961)), and if there is no evidence to support the verdict returned, denial of the motion is error. *Moody v. Nides Finance Co.,* supra. Under the facts of this case, the denial of the motion for directed verdict, and the subsequent motion for judgment notwithstanding the verdict, were error.

2. The remaining enumerations of error are rendered moot by the decision reached in Division 1 of this opinion, and do not require consideration or further discussion by this court. The judgment of the trial court is reversed and remanded with direction to enter judgment for the appellant, Mrs. Jones.

*Judgment reversed with direction. Deen, P. J., and*

344

*Webb, J., concur.*

ARGUED JUNE 7, 1977 — DECIDED SEPTEMBER 8, 1977 —
REHEARING DENIED SEPTEMBER 29, 1977 — 

*George G. Finch,* for appellant.
*Webb, Young, Daniel & Murphy, David E. Betts,* for appellee.